FRIEND ET AL. *v.* LAFAYETTE JOINT STOCK LAND BANK ET AL.

[No. 26,927. Filed March 1, 1938.]

*Harlan A. Stauffer,* for appellants.

*Harry P. Schultz,* for appellees.

SHAKE, J.—In 1900 William F. Bartmess and Kate S. Bartmess, as husband and wife, acquired title to a one-hundred-acre farm located in Tippecanoe county, Indiana. This farm was 160 rods long north and south and 100 rods wide. On the west side thereof was a county gravel road, and on the south end a road known as the Dayton Gravel Road, which has since become State Highway No. 38. The improvements, consisting of a brick house, barn, and other outbuildings, were located in the southeast corner thereof. The farm in its entirety is referred to in the record as Tract 1, and it will be so designated in this opinion.

Bartmess and his wife conveyed to the Indianapolis and Northwestern Traction Company a strip off the south end of said farm from 40 to 50 feet wide, for right of way purposes, on April 29, 1903. This right of way extended along the entire south end of said farm, between the Dayton road and the farm proper. During the same year the traction company constructed a line of interurban railroad on the right of way. The land embraced in this right of way is designated as Tract 2.

On July 21, 1903, Bartmess and his wife conveyed Tract 1 to Schuyler C. Marks, who on the same day, reconveyed it to said Kate S. Bartmess.

Kate S. Bartmess, her husband joining, mortgaged Tract 1, excepting that part thereof embraced in Tract 2, to the appellee Lafayette Joint Stock Land Bank, on August 9, 1924. The land bank foreclosed its mortgage, and on October 9, 1934, said land was sold by the sheriff to the mortgagee. Thereafter, and before the commencement of this suit below, the land bank entered

into a contract for the sale thereof to the appellee Irvin M. House.

The interurban discontinued operation in 1930, and on June 2, 1933, the Public Service Company of Indiana, as successor to the Indianapolis and Northwestern Traction Company, conveyed Tract 2 to Kate S. Bartmess, who thereafter, on August 23rd of that year, deeded the same to her grandson, the appellant Lloyd F. Friend, who was a non-resident of the State. The appellant Robert T. Friend is the father and agent of said Lloyd F. Friend.

This action was commenced below by the filing of a complaint in two paragraphs by the appellees on March 24, 1937. By their first paragraph of complaint appellees sought to quiet title to all of Tract 2, and by the second paragraph they attempted to quite title to a parcel of land known as Tract 3, alleged to have been used as a driveway across Tract 2. In their second paragraph of complaint, appellees charged that they and their predecessors in title had used said Tract 3 continuously, uninterruptedly, and openly under claim of right, as a means of ingress and egress between said public highway and the buildings on Tract 1 for more than thirty years, with the full knowledge and acquiescence of the owners of Tract 2; that said driveway was reasonably necessary to the enjoyment of their property, and that they were entitled to have the title quieted as to said Tract 3. Appellant Lloyd F. Friend filed an affirmative answer to the second paragraph of complaint and a cross-complaint, by which he sought to quiet title to all of Tract 2, as the owner thereof in fee simple.

There was a trial by the court and a special finding of facts and conclusions of law. The court pronounced judgment in favor of the appellees on their second paragraph of complaint, quieting their title to Tract 3, and in favor of the appellant Lloyd F. Friend on his

cross-complaint, quieting his title to Tract 2, excepting that part thereof embraced in Tract 3. There was a motion for a new trial challenging the sufficiency of the evidence to sustain the special finding of facts. The motion was overruled and this presents the only error assigned.

The special finding of facts are thirty-one in number, the first twenty-six of which were adopted verbatim by the court from a stipulation of the parties introduced at the trial. Manifestly, appellants are in no position to complain of those findings which were based on the stipulation.

It appears from the stipulation that Kate S. Bartmess was the record owner of all the land in controversy, except Tract 2, which had been conveyed to the traction company, from the date of Marks' conveyance to her on July 21, 1903, until the sheriff's sale to the appellee land bank on October 9, 1934, and that from June 2, 1933 until August 23rd of the same year, she also had title to Tract 2. It was further stipulated that William F. Bartmess and Kate S. Bartmess occupied the house and buildings on Tract 1 from April 29, 1903 until February 15, 1937, during all of which time "there was a well-defined driveway leading from said barn lot to the public highway now known as State Highway No. 38, which driveway was used . . . as a means of ingress and egress in and from the buildings located on said tract . . . ." On March 23, 1937, the appellees caused the county surveyor to make a survey of the "purported driveway" between State Highway 38 and the barn lot on Tract 1. This was shown to be a parcel of ground 17 feet wide and 50 feet long and containing 850 square feet. It constitutes the land in controversy here and is referred to by the parties as Tract 3.

The facts found by the court, in addition to those stipulated, and which appellants say are not established

by the evidence, may be summarized as follows: (1) That William F. Bartmess and Kate S. Bartmess and their successors in interest used the driveway (Tract 3) openly, notoriously, continuously, uninterruptedly, and with the knowledge of the owners of Tract 2 for more than thirty years; and (2) that there was no established roadway running from the buildings on Tract 1 to the county highway along the west side of the farm; that, in effect, the lay of the land was of a character that such a roadway was impracticable, and that the driveway described as Tract 3 was reasonably necessary for the fair enjoyment of the real estate where the buildings were situated. The other findings complained of were evidentiary in character, and we regard them as inconsequential.

The rule is well settled in this State, and it calls for no citation of authority to sustain it, that if there is any evidence which fairly tends to establish the facts found, the finding will not be disturbed, as this court will not weigh evidence on appeal. We have carefully examined the testimony of all the witnesses who testified on the trial and we cannot say that there is a lack of evidence to sustain any of the court's findings. No good purpose would be served by setting out the evidence in this opinion. We hold that it was sufficient.

In their brief appellants also complain because the trial court did not specifically find that the title to Tracts 1 and 2 was merged in Kate S. Bartmess from June 2nd to August 23, 1933, and appellants say that if said merger had been so found, it would have destroyed the easement relied upon by appellees. That Mrs. Bartmess owned Tracts 1 and 2 between the above dates is clearly disclosed by the stipulation of the parties, which was embodied in the special finding. If that circumstance destroyed the easement sought to be established, the error committed was in the trial

court's conclusions of law. The conclusions of law are not challenged. After reserving exceptions thereto, the appellants expressly waived these exceptions by a written motion addressed to the trial court before this appeal was taken.

We find no error in the record, and the cause is affirmed.

Roll, C. J., absent.