796 P.2d 930

**In re the Marriage of Linda M. ELLIOTT, Petitioner–Appellant,**

v.

**John P. ELLIOTT, Respondent–Appellee.**

**No. 1 CA–CV 88–322.**

Court of Appeals of Arizona, Division 1, Department D.

July 24, 1990.

---

130

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Brian E. Kelley, Phoenix, for petitioner-appellant.

Mariscal, Weeks, McIntrye & Friedlander, P.A. by Richard A. Friedlander, Judith M. Wolf, Phoenix, for respondent-appellee.

## OPINION

BROOKS, Presiding Judge.

This is an appeal from a decree dissolving the marriage of appellant Linda Elliott (wife) and appellee John Elliott (husband). We consider the following issues:

1) whether the trial court made sufficient findings of fact concerning its awards of child support and spousal maintenance to satisfy a request for findings pursuant to Rule 52(a), Arizona Rules of Civil Procedure;

2) whether wife waived her request for such findings;

3) whether the evidence supports the trial court's awards;

4) whether the trial court erred in failing to apply the Arizona Supreme Court's child support guidelines;

5) whether the trial court made the findings that A.R.S. section 25-319(A) requires in awarding spousal maintenance;

6) whether the trial court erred in failing to reserve jurisdiction to modify its spousal maintenance award; and

7) whether the trial court erred in considering an alleged community debt, husband's malpractice tail-coverage premium, in conjunction with the child support and spousal maintenance awards.

## THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

Prior to trial, wife asked the trial court to make findings of fact and conclusions of law pursuant to Rule 52(a). We will discuss those findings and conclusions that are relevant to the child support and spousal maintenance issues on appeal.

The court found that husband was a forty-one-year-old physician and that he was in good health. It further found that the parties had four children, one of whom had

almost reached the age of emancipation. It determined that the parties had established a middle class standard of living during their twenty-year marriage. It observed, however, that husband's income and the parties' standard of living had risen dramatically each year since 1983. (In that year, husband left the military, where he had received his medical training, and entered private practice in the area of high risk obstetrics.)

The court noted that husband and his partners had built a prosperous practice and that they enjoyed a national reputation and a large share of the market. In discussing husband's income, the court listed his salary draws for the months of January through September, 1987.

Pursuant to the parties' property settlement agreement, which the court approved, wife was to receive a series of payments representing her share of husband's medical practice and of other property that the parties owned. Wife intended to invest these payments, some of which were designated spousal maintenance for tax purposes. The agreement also provided that husband would make wife's house payments until the parties' youngest child was emancipated. Prior to making formal findings of fact, the court expressed its intention to take the payments and the interest income from the invested portion of the payments into account in determining whether wife was entitled to an award of additional spousal maintenance.

In support of her request for spousal maintenance, wife submitted a figure representing the average monthly expenses that she and the children had incurred during the year in which the parties were separated. The court found that wife's standard of living had risen more dramatically during that year than it had during the last year in which the parties lived together. It therefore stated that in deciding whether to award additional spousal maintenance, it would reduce wife's monthly expenses figure so that the figure more accurately reflected the parties' standard of living during the marriage.

The court said that it would base the reduction on husband's testimony that wife had spent more on certain items while the parties were separated than the parties had spent on the same items before the separation took place. It also intended to consider the amount of money that wife had saved during the separation and the amount that she had spent on nonessential items such as furniture and interior decorating.

The court ultimately awarded wife additional spousal maintenance of $2,000 per month for a period of five years. It also awarded her child support payments of $2,000 per month, with reductions to be made as the children became emancipated.

## RULE 52(a)

Arizona Revised Statutes section 25–320(A) sets forth the factors that the trial court must consider in awarding child support. Its counterpart in the area of spousal maintenance is A.R.S. section 25–319(B). On appeal, wife argues that the trial court's findings were insufficient to satisfy Rule 52(a) because they did not address each of the factors listed in the two statutes.[1] She also maintains that the findings were insufficient because they did not reveal any mathematical bases for the child support and spousal maintenance awards. Husband asserts that Rule 52(a) does not require the court to make such findings. We disagree with husband's assertion.

The present case was tried to the court. Rule 52(a) requires the trial court to make findings of fact upon request in such cases so that an appellate court will be able to examine the basis for the trial court's decision.[2] *Ellingson v. Fuller*, 20 Ariz.

1. We reject wife's argument that sections 25–319(B) and 25–320(A) also require the trial court to make findings concerning each of the enumerated factors. The statutes themselves only require the court to *consider* the factors in question before awarding child support or

spousal maintenance. They do not require the court to make specific findings concerning each of the factors.

2. In pertinent part, Rule 52(a) provides as follows:

App. 456, 513 P.2d 1339 (1973). In order to satisfy the rule, the court's findings must encompass all of the "ultimate" facts—that is, those necessary to resolve the disputed issues in the case. *See id.* at 459, 513 P.2d at 1342.

When the issue of child support or spousal maintenance is resolved, the result is a mathematical figure that represents the amount of the award. As we explained in *Reed v. Reed,* 154 Ariz. 101, 740 P.2d 963 (App.1987), such a figure does not inform an appellate court of the basis for the trial court's decision. Consequently, it does not enable an appellate court to conduct the type of review that Rule 52(a) requires. *See Ellingson,* 20 Ariz.App. at 460, 513 P.2d at 1343.

In *Reed,* the trial court modified a child support award by increasing the husband's monthly support obligation. On appeal, we noted that the trial court's findings did not apprise us of the statutory factors that the

court had considered in deciding to modify the award or of the mathematical basis for the modification. We reversed, stating that the findings did not satisfy Rule 52(a).

■ The child support award in the present case was not accompanied by findings concerning all of the section 25–320(A) factors with respect to which the parties presented evidence.[3] The court's only finding regarding the children was that there were four of them and that one of them would soon reach the age of emancipation. The court did not disclose any mathematical basis for the amount of child support that it awarded.

The court made findings concerning a number of the section 25–319(B) factors in conjunction with its award of spousal maintenance.[4] However, it did not address all of the factors with respect to which the parties presented evidence or set forth the mathematical basis of the spousal maintenance award.

---

In all actions tried upon the facts without a jury or with an advisory jury, the court, if requested before trial, shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

3. At the time that the decree of dissolution was entered in this case, section 25–320 provided that the court could order a party to pay child support after considering all of the relevant factors, including the following ones:
 1. The financial resources and needs of the child.
 2. The financial resources and needs of the custodial parent.
 3. The standard of living the child would have enjoyed had the marriage not been dissolved.
 4. The physical and emotional condition of the child, and his educational needs.
 5. The financial resources and needs of the noncustodial parent.
 6. Excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.
Laws 1987, ch. 100, § 2.

4. Section 25–319(B) provides as follows:
The maintenance order shall be in such amounts and for such periods of time as the court deems just, without regard to marital misconduct, and after considering all relevant factors, including:
 1. The standard of living established during the marriage.
 2. The duration of the marriage.

 3. The age, employment history, earning ability and the physical and emotional condition of the spouse seeking maintenance.
 4. The ability of the spouse from whom maintenance is sought to meet his or her needs while meeting those of the spouse seeking maintenance.
 5. The comparative financial resources of the spouses, including their comparative earning abilities in the labor market.
 6. The contribution of the spouse seeking maintenance to the earning ability of the other spouse.
 7. The extent to which the spouse seeking maintenance has reduced his or her income or career opportunities for the benefit of the other spouse.
 8. The ability of both parties after the dissolution to contribute to the future educational costs of their mutual children.
 9. The financial resources of the party seeking maintenance, including marital property apportioned to such party, and such party's ability to meet his or her needs independently.
 10. The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment and whether such education or training is readily available.
 11. Excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.

In the absence of the findings in question, we are unable to examine the basis for the trial court's decision. We therefore conclude that the court's findings did not satisfy Rule 52(a).

### WAIVER/ESTOPPEL ISSUES

■ Husband contends that wife is estopped to challenge the sufficiency of the findings because she requested, prepared, and approved them. This contention is without merit.

After the close of the evidence, the trial court issued a minute entry in which it made findings of fact and conclusions of law concerning the dissolution of the parties' marriage. In the same minute entry, it approved the property settlement that the parties had reached and awarded child support and spousal maintenance. Husband subsequently lodged a form of decree, to which wife objected. After a hearing on wife's motion in opposition to the lodging of the form of decree, the trial court issued the following order:

> [P]etitioner [wife] shall prepare a proposed form of decree and proposed findings of fact, which may be included in the decree if counsel so desire and submit same to counsel for respondent [husband] by no later than December 18, 1987.
>
> If said proposed decree is not acceptable to counsel for respondent, counsel shall meet on or before December 23, 1987, to resolve the differences and submit an acceptable proposed decree.[5]

The parties submitted a proposed decree that included findings of fact and conclusions of law. After the trial court signed the decree, wife filed a motion for new trial and to amend the judgment. In her motion, she argued that *Reed* required the court to make findings concerning each of the factors set forth by sections 25–319(B) and 25–320(A). The trial court denied the motion.

■ Husband maintains that because wife prepared the proposed findings of fact, she could not subsequently challenge their sufficiency. However, a party who submits proposed findings of fact to the trial court is not precluded from filing a motion to amend the court's findings after judgment has been entered. *King Realty, Inc. v. Grantwood Cemeteries, Inc.*, 4 Ariz.App. 76, 417 P.2d 710 (1966).

■ Husband also notes that counsel for both parties signed the proposed decree "approved as to form." He asserts that the decree is a consent judgment and that parties cannot challenge the provisions of such a judgment after it has been entered. A consent judgment is one that is entered by stipulation of the parties. *Cochise Hotels, Inc. v. Douglas Hotel Operating Co.*, 83 Ariz. 40, 316 P.2d 290 (1957). As the following passage explains, the judgment in the present case was not a consent judgment:

> A judgment by consent is distinct from a judgment rendered by the court after a hearing and consideration of the evidence in the case, and such a judgment is not converted into a judgment by consent by the fact that the parties have added their consent thereto, or that their counsel initialed the judgment upon the request of the trial judge, or otherwise approved the form of the judgment.

47 Am.Jur.2d *Judgments* § 1082, at 141 (1969).

Moreover, wife is not estopped from requesting additional findings of fact because her counsel signed the proposed decree "approved as to form."

> Ordinarily an approval of an order or judgment "as to form" by counsel for a party does not preclude such party from later attacking such order or judgment because of error. Such a restricted approval under ordinary circumstances is usually intended as merely signifying

---

5. Wife asserts that at the hearing on her motion, the trial court cautioned her to limit the findings of fact and conclusions of law that she included in the proposed decree to those that the court had already made. The record does not contain a transcript of the hearing. We are therefore unable to consider wife's assertion. *Haines v. Southern Pac. Co.*, 7 Ariz.App. 65, 436 P.2d 159 (1968).

that the terms thereof are in accord with the prior determination of the court.

*Laundry, Dry Cleaning, Dye House Workers Union Local 3008 v. Laundry Workers Int'l Union*, 4 Wis.2d 542, 556, 91 N.W.2d 320, 327–28 (1958).

At the close of the evidence, the trial court discussed the findings that were required with counsel for both parties. Wife's counsel made the following remark:

There's a recent case that talks about this—I think it's called *Reed*—that I would like to look at again. Maybe we can review—once you make a final ruling—what findings are necessary.

■ There was no further discussion of *Reed* at this point. Wife next raised *Reed* in her motion to amend the judgment. Husband argues that wife waived her right to request additional findings on the basis of *Reed* by failing to make her request before judgment was entered. He also argues that wife cannot challenge on appeal an error that she invited the trial court to make. We reject these arguments.

■ Rule 52(a) is a mandatory provision. *Miller v. McAlister*, 151 Ariz. 435, 728 P.2d 654 (App.1986). When a timely request for findings is submitted, the trial court must make findings concerning *all* of the ultimate facts. *Fritts v. Ericson*, 87 Ariz. 227, 349 P.2d 1107 (1960). The court may not rely upon the parties to prepare findings that support its judgment. *Matter of Hamilton*, 97 N.M. 111, 637 P.2d 542 (1981). It may adopt proposed findings that the parties submit, but only if those findings are consistent with the ones that it reaches independently after properly considering the facts. *See id.* at 113, 637 P.2d at 544; *Goodmunson v. Goodmunson*, 201 Mont. 535, 655 P.2d 509 (1982).

Wife made a timely request for findings of fact and conclusions of law pursuant to Rule 52(a). While it would have been better practice for wife to have explained *Reed's* significance to the court before it entered judgment, her failure to do so did not absolve the court of the duty to make findings concerning all of the ultimate facts in accordance with her request. If the proposed findings that the parties submitted did not address all of the ultimate facts, the trial court was required to supplement them. *See Fritts*, 87 Ariz. at 234, 349 P.2d at 1111.

■ We would reach a different result if wife had not brought the insufficiency of the findings to the trial court's attention while the court still had jurisdiction to cure its error. A litigant must object to inadequate findings of fact and conclusions of law at the trial court level so that the court will have an opportunity to correct them. *Green v. Geer*, 239 Kan. 305, 720 P.2d 656 (1986). Failure to do so constitutes waiver. *See id.* at 311, 720 P.2d at 660.

We note that most of the cases that husband cites in support of his argument that wife waived her right to request additional findings are distinguishable on this basis. In the cases cited, the objections raised on appeal were never brought to the trial court's attention. *See Cushman v. Cushman*, 178 Cal.App.2d 492, 3 Cal.Rptr. 24 (1960); *Isaac v. American Heritage Bank & Trust Co.*, 675 P.2d 742 (Colo. 1984); *Gibson v. State Farm Mut. Auto Ins. Co.*, 125 Ill.App.3d 142, 80 Ill.Dec. 577, 465 N.E.2d 689 (1984); *Cochran v. Gordon*, 77 N.M. 358, 423 P.2d 43 (1967). In the instant case, wife raised the insufficiency of the findings in her postjudgment motion. At that point, it was incumbent upon the trial court to make the additional findings that were necessary.

Husband also cites *Friend v. Lafayette Joint Stock Land Bank*, 213 Ind. 408, 13 N.E.2d 213 (1938). In that case, the court adopted the majority of its findings of fact from a stipulation that the parties introduced. The court also made additional findings of its own. It denied a motion for new trial that challenged the sufficiency of the evidence to sustain its findings. On appeal, the court held that the appellants could not question the sufficiency of the evidence to support the findings that the trial court had adopted from their stipulation.

Although it is not entirely clear from the opinion, we believe that *Friend* involved a different kind of agreement than the one

that husband alleges took place in the present case. In *Friend,* the parties apparently stipulated that certain facts were undisputed. Such a stipulation is binding upon the parties unless the trial court modifies it to prevent manifest injustice. *Gertz v. Selin,* 11 Ariz.App. 495, 466 P.2d 46 (1970).

In the present case, the trial court heard evidence regarding disputed facts. As we have explained, the court had a duty to exercise its independent judgment in making findings concerning these facts. Consequently, the parties could not have bound the trial court or themselves by agreeing to proposed findings. *See Goodmunson,* 201 Mont. at 538, 655 P.2d at 511; *Hamilton,* 97 N.M. at 113, 637 P.2d at 544.

## SUFFICIENCY OF THE EVIDENCE

Husband maintains that the record contains sufficient evidence to support the trial court's awards. He urges us to affirm the awards, arguing that we are entitled to infer from the record any additional findings of fact that are necessary.

 We agree with husband's assertion that the record appears to contain substantial evidence in support of the awards. We also agree that as a general rule, an appellate court may infer that the trial court has made the additional findings necessary to sustain its judgment. *Thomas v. Thomas,* 142 Ariz. 386, 690 P.2d 105 (App. 1984). This principle applies as long as the additional findings are reasonably supported by the evidence and are not in conflict with any of the trial court's express findings. *Id.* at 390, 690 P.2d at 109. However, the principle does not apply when a party has requested findings of fact pursuant to Rule 52(a). *See Silva v. DeMund,* 81 Ariz. 47, 299 P.2d 638 (1956). One court explained the rule which applies in that situation as follows:

> Where the basis on which the court reached a certain conclusion is not clear, it is not enough that the appellate court is able to derive bases on which the trial

court could have permissibly reached the decision it did from the record. It must be clear how the court actually did arrive at its conclusions. Otherwise, there is no assurance that the court itself thought out each issue, and an appellate court cannot effectively review the decision-making process of the trial court.

*Urban Dev. Co. v. Dekreon,* 526 P.2d 325, 328 (Alaska 1974) (citations omitted).

Because wife requested findings of fact, we must be able to determine which evidence formed the bases of the awards before we can affirm them. The trial court's findings do not enable us to make this determination.

## THE CHILD SUPPORT GUIDELINES

 Before the trial court entered the decree in the present case, the Arizona Supreme Court issued an administrative order establishing child support guidelines. The guidelines determine basic child support obligations on the basis of the parties' combined monthly income and the number of children that they have. The highest combined monthly income that the guidelines list is $7500. Because husband's monthly income exceeds this figure, he contends that the guidelines do not apply in this case. We reject this contention. The guidelines in effect when the decree was entered stated that they applied to all children. They also contained the following provision: "Effective October 1, 1987, *all* child support awards shall be made pursuant to these guidelines...." (Emphasis added.)

The guidelines require the trial court to consider factors that are similar to those that section 25–320(A) sets forth. They also require the court to disclose the mathematical basis for its award.[6] As a result, the trial court will usually be able to satisfy a request for findings of fact pursuant to Rule 52(a) by making the findings that the guidelines require.

---

**6.** Although the trial court may decide to deviate from the guidelines in making its award, the guidelines require that any deviation be supported by findings.

The trial court did not apply the guidelines in the present case. On remand, we direct that it do so.

## THE SPOUSAL MAINTENANCE AWARD

■■■ Section 25–319(A) provides that the trial court may award spousal maintenance if it finds that any one of four factors is present.[7] Section 25–319(B) sets forth the factors that the court must consider in establishing the amount and duration of a spousal maintenance award. In this case, the court found that the section 25–319(A)(1) factor was present. It determined that wife lacked sufficient property, including property that was apportioned to her in the dissolution proceeding, to provide for her reasonable needs. Wife argues that the court should also have determined whether the three other factors listed in section 25–319(A) were present. There is no merit to this argument.

Once the court found that the first factor was present, wife was entitled to an award. She would not have been entitled to a greater award if additional section 25–319(A) factors had been identified because the factors enumerated in section 25–319(B) govern the amount and duration of the award.

■■■ As we have noted, the court made findings concerning a number of section 25–319(B) factors. However, it did not make findings concerning all of the factors with respect to which the parties presented evidence. We are particularly concerned by the court's failure to address the sixth and seventh factors.[8] These factors differ from most of the other section 25–319(B) factors in that they are not based upon the

parties' needs. In the present case, they required the court to consider the contribution that wife made to husband's earning ability and the extent to which she reduced her own income or career opportunities for husband's benefit.

Wife earned a nursing degree before the parties were married. She worked as a registered nurse for the first two years of the marriage while husband continued his schooling. She stopped working shortly before the parties' first child was born and has not worked outside the home since. The court's findings do not indicate that it took these circumstances into consideration in making its award.

## FAILURE TO RESERVE JURISDICTION TO MODIFY AWARD

Wife argues that the trial court erred in failing to reserve jurisdiction to modify the award of spousal maintenance. The Arizona Supreme Court disposed of this issue in *Schroeder v. Schroeder,* 161 Ariz. 316, 778 P.2d 1212 (1989), which was filed while this appeal was pending. In *Schroeder,* the court held that a decree which is silent with respect to modification may be modified during the award period upon a showing of changed circumstances that are substantial and continuing.

## THE MALPRACTICE TAIL–COVERAGE PREMIUM

■■■ When husband retires or stops practicing medicine in Arizona for any reason, he will have to pay a single "malpractice tail-coverage premium" to obtain insurance coverage for medical malpractice actions that may be filed against him after he

---

7. In pertinent part, section 25–319(A) provides as follows:

 [T]he court may grant a maintenance order for either spouse for any of the following reasons if it finds that the spouse seeking maintenance:
 1. Lacks sufficient property, including property apportioned to such spouse, to provide for his or her reasonable needs.
 2. Is unable to support himself or herself through appropriate employment or is the custodian of a child whose age or condition is

 such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to support himself or herself.
 3. Contributed to the educational opportunities of the other spouse.
 4. Had a marriage of long duration and is of an age which may preclude the possibility of gaining employment adequate to support himself or herself.

8. *See supra* note 4, at 7.

is no longer working in the state. He expects the amount of that premium to be at least $100,000.

After the property settlement was finalized and submitted to the court, husband argued that the future premium should be considered a community debt. He urged the court to reduce the amount of support that it awarded wife to account for her $50,000 share of the premium. The court made the following statement concerning the premium in its decree:

> In determining the amounts herein provided for, the Court has taken into consideration the medical malpractice tail premium and makes no order regarding same.

■ As husband conceded in oral argument before this court, the trial court should not have considered the premium in conjunction with either the child support or the spousal maintenance award.[9] Property settlements, spousal maintenance awards, and child support awards involve distinct considerations. *See Koelsch v. Koelsch*, 148 Ariz. 176, 713 P.2d 1234 (1986). The trial court may not adjust the amount of a spousal maintenance or child support award to account for a community debt that was not allocated in the property settlement. *See id.* at 182, 713 P.2d at 1240; *In re Marriage of Foster*, 125 Ariz. 208, 608 P.2d 785 (App.1980).

Because the trial court did not disclose the mathematical bases for its spousal maintenance and child support awards, we are unable to determine whether it decreased the amount of either award to account for the premium. We therefore direct the trial court to clarify this issue on remand and to correct the awards if necessary.

## ATTORNEY'S FEES

Both parties have requested attorney's fees pursuant to A.R.S. section 25–324. In our discretion, we grant wife's request in an amount to be determined following her compliance with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

We direct the trial court to apply the child support guidelines on remand. We further direct it to amend its findings concerning the spousal maintenance award. The amended findings should address all of the section 25–319(B) factors with respect to which the parties presented evidence. They should also reveal a mathematical basis for the award. Finally, we direct the court to correct any adjustment that it may have made in the child support and spousal maintenance awards on the basis of the malpractice tail-coverage premium.

On remand, the trial court may make findings of fact and conclusions of law based upon the existing record. It may also conduct further hearings or direct the parties to submit proposed findings and conclusions or additional memoranda. *See Miller v. McAlister*, 151 Ariz. 435, 728 P.2d 654 (App.1986).

The child support and spousal maintenance awards are reversed and remanded for proceedings consistent with this decision.

FIDEL and TAYLOR, JJ., concur.

---

**9.** In his answering brief on appeal, husband maintained that wife did not object to the trial court's consideration of the premium after the property settlement had been finalized. The record does not support this contention. When husband testified that the premium should be considered a community debt, wife's counsel made the following objection: "Your Honor, I would object to relevancy. I thought that the community debt/distribution of property issue was resolved."