NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ALMA M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.O., L.O., E.R.,
L.R., M.R., M.R., B.C., A.C., *Appellees*.

No. 1 CA-JV 17-0275
FILED 10-31-2017

Appeal from the Superior Court in Maricopa County
No.  JD 528882
The Honorable Arthur T. Anderson, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee, Department of Child Safety*

---

## MEMORANDUM DECISION

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Margaret H. Downie joined.

---

**C A M P B E L L**, Judge:

¶1        In this appeal, Alma M. ("Mother") challenges the juvenile court's order terminating her parental rights to eight of her children. Mother argues the juvenile court failed to make and reduce to writing each of the required findings of fact and law necessary for termination. She contends the termination order is therefore invalid and must be vacated. We disagree and affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Mother is the biological mother of eight children ("the Children").[1] The Department of Child Safety ("DCS") first took the Children into custody in June 2015 due to allegations of sexual abuse perpetrated by Mother's significant other against at least two of the Children. Mother was aware of the sexual abuse but she neither removed the abuser from contact with her Children nor alerted the authorities to the abuse. Mother was later incarcerated and deported to Mexico.

¶3        The juvenile court terminated the parent-child relationship between Mother and all eight of the Children in June 2017. The court ordered termination based on, among others, the statutory ground of neglect or willful abuse under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(2).[2]

### DISCUSSION

¶4        Mother does not argue that the juvenile court had insufficient evidence to terminate her parental rights to her children. On appeal, she argues only that the juvenile court failed to make and record in its written

---

[1] None of the Children's respective fathers are parties to this appeal.

[2] If clear and convincing evidence supports any one of the statutory grounds on which the juvenile court ordered severance, we need not address claims pertaining to the other grounds. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251, ¶ 27 (2000).

order each of the factual and legal findings required to support the termination of her parental rights.

¶5 Pursuant to A.R.S. § 8-538(A) and Rule of Procedure for Juvenile Court 66(F), the juvenile court is required to (1) conclude that at least one statutory ground for termination is met by clear and convincing evidence, (2) conclude that the petitioner has proved severance is in the child's best interest by a preponderance of the evidence, and (3) specify at least one factual finding sufficient to support both of those conclusions of law. *See Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 241, ¶¶ 21-22 (App. 2012). These findings and any orders "shall be in the form of a signed order or set forth in a signed minute entry." Ariz. R.P. Juv. Ct. 66(F).

¶6 We generally do not consider objections raised for the first time on appeal—particularly as they relate to the alleged lack of detail in the findings of the juvenile court. *Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶¶ 20-21 (App. 2007) (a mother waived her objection to the lack of specificity in a severance order by not raising the issue of deficiencies in the juvenile court). A party "may not sit back and not call the trial court's attention to the lack of a specific finding on a critical issue, and then urge on appeal that mere lack of a finding on that critical issue as a grounds for reversal." *Id.* at 452,¶ 21 (citation omitted).

¶7 When no objection is made, we review non-compliance with the juvenile court procedural rules (here, failure to make and record all necessary findings of fact in the signed minute entry serving as the termination order) for fundamental error. *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 94, ¶ 22 (App. 2005). To establish fundamental error, Mother must show that the error "goes to the foundation of [her] case, takes away a right that is essential to [her] defense, and is of such magnitude that [she] could not have received a fair trial." *Id.* at, 94 ¶ 24 (citations omitted). Mother must also establish she was prejudiced by such error. *Id.* at 94-95, ¶ 25.

¶8 Mother did not challenge any of the court's verbal findings made during the hearing nor object to any allegedly missing findings required for termination. Furthermore, Mother did not ask the juvenile court to amend its written termination order to correct or clarify what she claims were deficiencies. Because Mother failed to object to the juvenile court's findings or alleged lack thereof below, her objections are waived. *See Elliott v. Elliot*, 165 Ariz. 128, 134 (App. 1990) ("A litigant must object to inadequate findings of fact and conclusions of law at the trial court level so

that the court will have an opportunity to correct them . . . . Failure to do so constitutes waiver.") (citations omitted).

**¶9** Further, Mother has established neither fundamental error nor any prejudice caused by such error. Mother failed to appear at the hearing without good cause, but was represented by counsel. Our review of the record indicates that Mother had a fair hearing, that the juvenile court made detailed findings of fact from the bench, and that the juvenile court had sufficient evidence to terminate her parental rights.

**¶10** Regardless of our decision to apply waiver here, we urge strict compliance with Arizona Rule of Procedure for the Juvenile Court 66(F). *See Ruben M.*, 230 Ariz. at 241, ¶ 24 ("The primary purpose for requiring a court to make express findings of fact and conclusions of law is to allow the appellate court to determine exactly which issues were decided and whether the lower court correctly applied the law.").

## CONCLUSION

**¶11** For the foregoing reasons, we affirm the juvenile court's termination order.



AMY M. WOOD • Clerk of the Court
FILED:   AA