NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

In Re the Matter of:

DANIEL JOSEPH SANTORO, *Petitioner/Appellant*,

*v.*

NICOLE SANTORO, *Respondent/Appellee*.

No. 1 CA-CV 18-0497 FC
FILED 3-26-2019

Appeal from the Superior Court in Maricopa County
No. FC2016-005223
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

Reeves Maxwell Law, PLLC, Mesa
By Kristina B. Reeves, April Maxwell
*Counsel for Petitioner/Appellant*

Nicole Santoro, Phoenix
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**C R U Z**, Judge:

¶1 Daniel Joseph Santoro ("Father") appeals the superior court's order denying, in part, his petition to modify legal decision-making and parenting time. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Father and Nicole Santoro ("Mother") are the parents of K.S. They divorced in June 2017. The parties litigated Mother's long-term use of prescription pain medication at the time of dissolution, and the superior court ordered that Mother and Father would have joint legal decision-making authority and would exercise an equal (4-3-3-4) parenting time schedule.

¶3 In the three months following the dissolution hearing, Father twice asked the court to modify its legal decision-making and parenting time orders based on Mother's alleged violation of the court's orders and neglectful, unstable living situation. The court denied both requests and directed that, absent an emergency, neither party could petition for a change in parenting time unless he or she first satisfied certain counseling and custody evaluation conditions.

¶4 In December 2017, Father petitioned to modify legal decision-making authority and parenting time, arguing that emergency circumstances justified a change in custody because the Arizona Department of Child Safety ("DCS") had removed K.S., as well as Mother's two older children, from Mother's custody after she appeared at a hospital emergency room acting erratically and tested positive for amphetamine and methamphetamine. Father asked the court to grant him sole legal decision-making authority over K.S. and make him the primary residential parent for the child, with Mother to have either no parenting time or supervised parenting time. After an emergency temporary orders hearing, the court ordered that K.S. would, on a temporary basis, live primarily with Father and have supervised parenting time with Mother every Saturday

afternoon. The court continued its prior order that the parties would have joint legal decision-making authority, except Father would have final authority in the event of an educational dispute.

**¶5**        In July 2018, the superior court held an evidentiary hearing on Father's petition to modify. The court found that Mother was not a danger to K.S. because she had no positive drug tests in the preceding six months and the juvenile court had returned Mother's other children to her after lengthy dependency proceedings. Nevertheless, the court determined that Mother was unable to provide a stable environment for K.S. and it was in the child's best interests to live primarily with Father. The court ordered that Mother have unsupervised parenting time with K.S. three weekends per month and continued its earlier order that the parties share joint legal decision-making authority, with Father to have final authority regarding education issues.

**¶6**        Father timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## DISCUSSION

**¶7**        Father argues the superior court erred by denying his request for sole legal decision-making authority and granting Mother unsupervised parenting time. He asserts the court erroneously excluded a report from K.S.' counselor regarding the child's progress and improperly considered the outcome of the dependency proceeding involving Mother's other children rather than conducting an independent analysis of K.S.' best interests.

I.        Exclusion of the Counseling Report

**¶8**        Father contends the superior court erred by refusing to admit a progress report from K.S.' counselor in evidence at the evidentiary hearing on his petition to modify. We will not disturb the court's evidentiary ruling absent an abuse of discretion and resulting prejudice. *Selby v. Savard*, 134 Ariz. 222, 227 (1982) (citation omitted).

**¶9**        In September 2017, the parties agreed—and the court ordered—that K.S. attend "Safe Haven" counseling. The following month, K.S. began weekly counseling with Dr. Alyssa Mandel. At the hearing, Father offered a letter from Dr. Mandel about K.S.' counseling progress. The court refused to admit the letter, ruling that to do so would violate K.S.' confidentiality with his Safe Haven counselor.

¶10       Father, citing *Hays v. Gama*, 205 Ariz. 99 (2003), argues the court erred because the letter contained information relevant to each of the statutory best interests factors that Arizona law required the court to consider in determining legal decision-making and parenting time. *See* A.R.S. § 25-403(A). He asserts the court's failure to consider the letter interfered with its duty to consider K.S.' best interests.

¶11       *Hays* is distinguishable from this case. In *Hays*, the superior court precluded evidence from a child's therapeutic counselor in a contested child custody proceeding as a contempt sanction because the child's mother had violated certain court orders. 205 Ariz. at 101, ¶¶ 9-10. The Arizona Supreme Court vacated the sanctions, which it ruled the superior court had "imposed pursuant to the court's inherent contempt power," *id.* at 101-02, ¶¶ 14-16, and held that excluding the evidence "effectively preclude[d] potentially significant information from being considered in the custody determination" and impacted the superior court's ability to consider the child's best interests, *id.* at 103-04, ¶¶ 22-23.

¶12       In contrast to *Hays*, here the court did not exclude the letter as a sanction against Father, but did so to preserve the protection and confidentiality of K.S.' Safe Haven counseling.[1] The court may appoint a third-party professional to interview a child to assist the court with a legal decision-making or parenting time determination. *See* A.R.S. § 25-405(B); Ariz. R. Fam. Law P. 12. In those situations, the relationship between the child and the professional is not ongoing and the professional should explain to the child that the discussion is not confidential and he or she may relay what the child says to the court. In this case, however, the court did not appoint Dr. Mandel to assist in resolving Father's petition to modify, but to give K.S. a counselor to talk to about the ongoing conflict between Mother and Father. K.S. attended weekly or biweekly counseling sessions with Dr. Mandel who, eight months after beginning therapy with K.S., authored a report in which she detailed a developing relationship of trust and confidence between her and K.S. Under these circumstances, the court did not abuse its discretion by refusing to admit Dr. Mandel's letter.

---

[1]    We reject Father's argument that the court excluded Dr. Mandel's letter under A.R.S. § 12-2293(B)(3), which allows a heath care provider to deny a parent access to a minor patient's medical records under certain circumstances. *See* A.R.S. §§ 12-2291(4), -2293(B)(3). The court did not cite or otherwise indicate it was applying A.R.S. § 12-2293(B)(3) to exclude the letter. Further, as Father notes, A.R.S. § 12-2293(B)(3) does not apply in this case because Dr. Mandel voluntarily gave the letter to Father.

¶13　　　　　Further, unlike the evidentiary sanctions in *Hays*, we are unable to determine that the court excluded evidence that had an "especially significant effect" on its ability to determine K.S.' best interests. Father testified that K.S. had adjusted well to his home and was thriving on a consistent routine that included attending school, socializing with other children, and participating in sports. He stated K.S.' self-esteem had increased while his hyper-vigilant behavior and night terrors had "calmed down dramatically." This testimony, coupled with Mother's testimony and evidence of K.S.' school progress, gave the court sufficient information to assess K.S.' best interests.

¶14　　　　　Nevertheless, Father argues Dr. Mandel's letter contained information about K.S.' relationship with Mother, her older children, and Mother's boyfriend that was critical to the court's assessment of K.S.' best interests. We disagree. Mother had not seen K.S. for three months before the hearing because, as the court found, Father had frustrated Mother's access to K.S. by unreasonably refusing to agree to a volunteer third-party supervisor for her parenting time. Accordingly, the information contained in the letter about K.S.' relationship with Mother and others was largely outdated and would have been only minimally helpful to the court in determining K.S.' best interests.

¶15　　　　　Accordingly, the court did not abuse its discretion by refusing to admit Dr. Mandel's letter into evidence.

II.　　　Consideration of the Dependency Proceeding

¶16　　　　　Father next contends the court erred by relying on the juvenile court's determination in the dependency proceeding concerning Mother's two older children, rather than independently determining whether Mother was a danger to K.S. We review the court's legal decision-making and parenting time orders for an abuse of discretion. *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶ 3 (App. 2002) (citation omitted).

¶17　　　　　In ruling on a petition to modify legal decision-making and parenting time, the court must consider the factors in A.R.S. § 25-403(A) regarding the child's best interests. The court in this case made specific findings regarding each of these factors in its ruling. Father argues, however, that the court's determination that Mother used illegal drugs in December 2017 created a rebuttable presumption under A.R.S. § 25-403.04(A) that joint legal decision-making was not in K.S.' best interests and the court was therefore also required to make findings that its legal

decision-making authority and parenting time order would appropriately protect K.S.[2]

**¶18** The court's citation of A.R.S. § 25-403.04 in its order and its findings and conclusions demonstrate it carefully considered the evidence of Mother's drug use and her drug test results for the six months preceding the hearing. Arizona law gives the court discretion to determine the degree of protection warranted in a particular case, and absent an abuse of that discretion, we will not substitute our judgment on appeal. The court's limitation on Mother's parenting time and its requirement that she continue to submit to drug testing satisfies the statutory requirement that the court's orders must appropriately protect the child. *See* A.R.S. § 25-403.04(A)(2). We therefore find no abuse of discretion and affirm the court's order for Mother to have unsupervised parenting time three weekends per month and granting the parties joint legal decision-making, with Father having final decision-making authority regarding education.

**¶19** Moreover, we reject Father's argument that the court abdicated its "duty to exercise its independent judgment in making findings," *Elliott v. Elliott*, 165 Ariz. 128, 135 (App. 1990), by improperly applying the doctrine of issue preclusion and relying on the juvenile court's dismissal of the dependency concerning Mother's older children as evidence that she was not a danger to K.S. The court's ruling indicates that it independently analyzed K.S.' best interests and determined that Mother was not a danger to the child. Although the court discussed the juvenile court's ruling in the dependency matter, it did not simply adopt it under the doctrine of issue preclusion as Father suggests; rather, the court made its own findings.

**¶20** We find no abuse of discretion in the court's legal decision-making and parenting time orders.

---

[2] The court found that Mother consumed methamphetamine in December 2017 and had a "pattern of recurring positive test results for illicit drugs." We assume without deciding that A.R.S. § 25-403.04 applies in this case even though the court did not specifically determine that Mother "abused drugs" as the statute requires.

## CONCLUSION

**¶21**      For the foregoing reasons, we affirm.  Mother is entitled to costs upon compliance with ARCAP 21.

