NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BARBARA M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, A.D., V.D., *Appellees.*

No. 1 CA-JV 21-0281
FILED 3-8-2022

Appeal from the Superior Court in Maricopa County
No. JD37680
The Honorable Robert Ian Brooks, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate Office, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Emily M. Stokes
*Counsel for Appellee Department of Child Safety*

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court,
in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

**W E I N Z W E I G**, Judge:

¶1          Barbara M. ("Mother") appeals the juvenile court's order terminating her parental rights to A.D. and V.D.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2          Mother and Javier D. ("Father") are the biological parents of A.D. and V.D., born in July 2017 and August 2019, respectively.[1]  Mother and Father had a history of domestic violence and substance abuse, which the Department of Child Safety ("DCS") learned about in May 2019.  Mother confirmed the domestic violence to DCS, conceding that A.D. watched some of the fights.  She also confirmed that Father's "needles, drugs, and paraphernalia" were "lying around the home" and A.D. had "gotten ahold of the items, including the needles."

¶3          DCS created an in-home safety plan for A.D. to remain with her parents but attempts to implement the plan failed.  DCS thus removed A.D. and petitioned for dependency, alleging Mother could not parent due to domestic violence.  DCS also removed V.D. after her birth in August 2019 and petitioned for dependency on the same grounds.  Mother did not contest the dependency issue for either child and the court set the case plan as family reunification.  DCS offered reunification services to Mother, including drug testing, drug treatment, domestic violence counseling and parent-aide services.

¶4          Mother stumbled from there.  Over the next 18 months, she missed 103 urinalysis drug tests and refused to provide a hair follicle for another.  She failed many of the drug tests she did take.  Mother did not engage in substance abuse treatment, unsuccessfully closing out of several drug treatment and domestic violence programs, and she never finished a parent-aid program.

¶5          DCS moved to terminate Mother's parental rights to A.D. and V.D. on grounds of chronic substance abuse and fifteen-months out-of-home placement.  A.R.S. § 8-533(B)(3), (8)(c).

¶6          Mother attended the first severance hearing in June, a pretrial conference during which the court advised Mother it might terminate her parental rights without a trial if she failed to appear at the pretrial conference in two months.  She did not appear at the pretrial conference.

---

[1]      The juvenile court also terminated Father's parental rights to both children.  He is not a party to this appeal.

After finding she lacked good cause, the court determined that Mother "waived her right to a trial" and would be "deemed to" admit the allegations of the termination motion. The court held an accelerated termination hearing. It received testimony from the DCS case manager. At hearing's end, the court terminated Mother's parental rights to both children "as to all grounds." The court ordered DCS to "submit a proposed Findings of Fact, Conclusions of Law, and Order to the Court," noting "[t]he Court's order terminating parental rights will be final upon the signing of said Order."

**¶7**        Days later, DCS filed its proposed findings and conclusions and a proposed order. The court adopted DCS's proposed findings and conclusions and signed the proposed order without making a change, terminating Mother's parental rights. Mother timely appealed. We have jurisdiction under A.R.S. §§ 8-235, 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

**¶8**        Mother asserts the juvenile court violated her due process rights. Specifically, Mother contends that by adopting DCS's proposed findings and conclusions in whole, the juvenile court "completely delegated its legal conclusion-making and fact-finding function" to DCS, insisting that "it is the court that must make the written findings." We review the interpretation of court rules, statutes and constitutional issues de novo. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 442, ¶ 15 (2018).

**¶9**        As a threshold issue, DCS argues that because Mother failed to object below, she waived the argument. She did not. *See Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 298, ¶ 25 (App. 2020) ("A party cannot waive a requirement that our legislature has imposed upon the juvenile court for the primary purpose of aiding an appellate review.").

**¶10**        Returning to Mother's argument, parents in termination proceedings are entitled to "fundamentally fair procedures" tracking due process. *Ruben M. v. Dep't of Econ. Sec.*, 230 Ariz. 236, 239, ¶ 12 (App. 2012) (quoting *Santosky v. Kramer*, 455 U.S. 745, 754 (1982)). To ensure that parents receive due process, "the legislature has imposed significant procedural safeguards," including A.R.S. § 8–538(A), which requires that "[e]very order of the court terminating the parent-child relationship . . . shall be in writing and shall recite the findings on which the order is based." *Id.* at 240, ¶ 21. Arizona courts have adopted a similar rule. *See* Ariz. R.P. Juv. Ct. 66(F) ("All findings and orders shall be in the form of a signed order or set forth in a signed minute entry."); Ariz. R.P. Juv. Ct. 66(F)(2)(a) (courts must

"[m]ake specific findings of fact in support of the termination of parental rights").  Such findings and conclusions "allow the appellate court to determine exactly which issues were decided and whether the lower court correctly applied the law."  *Ruben M.*, 230 Ariz. at 240, ¶ 24.

**¶11**        The juvenile court did not err.  Neither § 8-538(A) nor Rule 66(F) prevents the juvenile court from requesting or adopting one party's proposed findings and conclusions, so long as the court reaches the same findings and conclusions on its own assessment of the record.  *See Elliott v. Elliot*, 165 Ariz. 128, 134 (App. 1990) (the court "may adopt proposed findings that the parties submit" when "those findings are consistent with the ones that it reaches independently after properly considering the facts").  Mother does not contend the court failed to independently consider the record.  Nor does Mother argue the findings or conclusions were erroneous.

## CONCLUSION

**¶12**        We affirm the termination order.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4