IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JAY DAVID STEIN, *Petitioner/Appellant*,

*v.*

JILL LYNN STEIN, *Respondent/Appellee*.

No. 1 CA-CV 14-0748 FC
FILED 12-8-2015

Appeal from the Superior Court in Maricopa County
No. FC2012-003130
The Honorable Joseph P. Mikitish, Judge

**VACATED AND REMANDED**

COUNSEL

DePasquale & Schmidt, PC, Phoenix
By Mark J. DePasquale
*Co-Counsel for Petitioner/Appellant*

Therese R. McElwee, PC, Phoenix
By Therese R. McElwee
*Co-Counsel for Petitioner/Appellant*

Jill Lynn Stein, Scottsdale
*Respondent/Appellee*

<hr />

## OPINION

Presiding Judge Margaret H. Downie delivered the Opinion of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

<hr />

**D O W N I E, Judge**:

**¶1** Jay David Stein ("Father") appeals a child support order. Because he filed a timely request for findings of fact and conclusions of law, the family court was required to set forth the facts supporting its substantial deviation from the Child Support Guidelines ("Guidelines").[1] It did not do so. We therefore vacate the child support order and remand to the family court for additional findings.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2** Father and Jill Lynn Stein ("Mother") married in 2005 and divorced in 2014. They have four minor children. Father's annual gross income exceeds $3 million. At the time of dissolution, Mother did not work outside the home. The parties signed a premarital agreement that stated neither party would receive spousal maintenance if they divorced.

**¶3** Before trial, Father made a request for findings of fact and conclusions of law. The family court subsequently entered a decree that, among other things, awarded Father sole legal decision-making authority and named him the primary residential parent. Mother received limited supervised parenting time consisting of one afternoon per week and one overnight on alternating weekends. Father is responsible for 90% of the supervision costs associated with Mother's parenting time.

**¶4** The court concluded that a deviation from the Guidelines was appropriate and ordered Father to pay child support to Mother in the sum of $7500 per month. Father moved for additional findings of fact and a new trial. The family court denied the motion for new trial and granted the request for additional findings only as to the attorneys' fees awarded to

<hr />

[1] The Arizona Child Support Guidelines, adopted by the Arizona Supreme Court, are found in the Appendix to Arizona Revised Statutes ("A.R.S.") section 25-320.

Mother. This timely appeal followed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1), (5)(a).

**DISCUSSION**

**¶5** Father contends the family court erred by failing to set forth specific factual findings that support its deviation from the Guidelines, and he argues the court abused its discretion in awarding child support "in an amount almost 40 times that recommended in the Guideline."[2] We review a child support order for an abuse of discretion. *Hetherington v. Hetherington*, 220 Ariz. 16, 21, ¶ 21 (App. 2008). Where, as here, a party has made a timely request for findings of fact pursuant to Arizona Rule of Family Law Procedure ("Rule") 82(A), we must be able to determine the factual underpinnings of the family court's ruling. *See Elliott v. Elliott*, 165 Ariz. 128, 135 (App. 1990).

### A. The Child Support Guidelines

**¶6** Parents may be ordered to pay child support in an amount "reasonable and necessary" for the support of their children. A.R.S. § 25-320(A). The Guidelines establish a method for calculating reasonable and necessary child support. *See* A.R.S § 25-320(D) ("supreme court shall establish guidelines for determining the amount of child support"). The court is required to award the amount of support that results from application of the Guidelines unless it finds that such application would be inappropriate or unjust in a particular case. A.R.S § 25-320(D)

**¶7** If the court deviates from the Guidelines, it must consider "all relevant factors, including those set forth in Arizona Revised Statutes Section 25-320, and applicable case law."[3] Guidelines §§ 3, 20(A). After

---

[2] The notice of appeal suggests Father is also challenging the attorneys' fees awarded to Mother. He did not, however, address that issue in his opening brief and has therefore waived it. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009); ARCAP 13(a)(7)(A) (opening brief must include "contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record").

[3] The factors set forth in A.R.S. § 25-320(D) are:
   1. The financial resources and needs of the child.
   2. The financial resources and needs of the custodial parent.

considering those factors, the court is required to make written findings that: (1) "Application of the guidelines is inappropriate or unjust in the particular case;" and (2) "The court has considered the best interests of the child in determining the amount of a deviation." Guidelines § 20; *see also* A.R.S. § 25-320(D). In addition, the court's order must reflect the amount of child support both before and after the deviation. Guidelines § 20(A)(4), (5).

¶8 The family court concluded that a deviation from the Guidelines was appropriate, stating:

> When child support is calculated according [to] the Guidelines, the amount of child support owed is $184.24 payable by Mr. Stein to Ms. Stein.[4] It would be unjust, not in

---

3. The standard of living the child would have enjoyed if the child lived in an intact home with both parents to the extent it is economically feasible considering the resources of each parent and each parent's need to maintain a home and to provide support for the child when the child is with that parent.

4. The physical and emotional condition of the child, and the child's educational needs.

5. The financial resources and needs of the noncustodial parent.

6. The medical support plan for the child. The plan should include the child's medical support needs, the availability of medical insurance or services provided by the Arizona health care cost containment system and whether a cash medical support order is necessary.

7. Excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common.

8. The duration of parenting time and related expenses.

[4] The parties' combined gross monthly income exceeded $20,000. In such a case, the Guidelines establish a presumption that child support should be calculated based on this figure. *See* Guidelines § 8. A parent advocating for a greater amount bears the burden of proving that such an order is in the best interests of the children, considering factors such as: (1) the standard of living the children would have enjoyed if the parents and children were living together; (2) the needs of the children in excess of the

the interests of justice, and not in the best interests of the
Children to order child support in this amount because of the
significant disparity in financial resources between the
parties. The Court, therefore, is deviating from the
Guidelines.

Based on all of these factors, IT IS THEREFORE ORDERED
that Mr. Stein shall pay to Ms. Stein as and for child support
the sum of $7,500.00 per month. . . .

The court's findings satisfy the requirements of Guidelines § 20. Our
inquiry does not end there, however, because Father timely invoked Rule
82(A), which obligated the family court to make additional findings.[5]

### B. Rule 82(A)

**¶9** Prior to trial, Father filed a timely request for findings of fact
and conclusions of law pursuant to Rule 82(A). That rule provides: "In all
family law proceedings tried upon the facts, the court, if requested before
trial, shall find the facts specially and state separately its conclusions of law
thereon. . . ."

**¶10** One of the purposes of Rule 82(A) is to give appellate courts
the ability to examine the basis for a mathematical figure awarded as child
support. *See Elliott*, 165 Ariz. at 135. "[W]e must be able to determine which
evidence formed the bases of the awards before we can affirm them." *Id.*
As our supreme court has explained:

An appellate court must be able to discern more than a
*permissible* interpretation of the trial court's analysis. The
reviewing court needs a sufficient factual basis that explains
*how* the trial court actually arrived at its conclusion. Without
this explanation, "an appellate court cannot effectively review
the decision-making process of the trial court."

*Miller v. Bd. of Supervisors*, 175 Ariz. 296, 299 (1993) (quoting *Urban Dev. Co.
v. Dekreon,* 526 P.2d 325, 328 (Alaska 1974)). If a proper Rule 82(A) request

---

presumptive amount; and (3) any significant disparity in the respective
gross income of each party. *Id.*

[5] Father raised the deficiencies in the family court's findings of fact
prior to appealing. *See Elliott*, 165 Ariz. at 134 (party must object to
deficiencies in findings of fact before appealing to allow opportunity for
correction).

is made, but the family court's findings are insufficient, we do not infer additional findings necessary to sustain the award. *See Elliott,* 165 Ariz. at 135.

**¶11**　　　The family court made factual findings regarding the parties' incomes. It attributed income of $3 million per year to Father and $60,000 per year to Mother. The court concluded the disparity in financial resources was significant, justifying a deviation from the Guidelines. The record supports these findings. However, the findings do not explain how or why the court settled on the $7500 per month figure. As this Court has stated:

> When the issue of child support or spousal maintenance is resolved, the result is a mathematical figure that represents the amount of the award. As we explained in *Reed v. Reed,* 154 Ariz. 101, 740 P.2d 963 (App. 1987), such a figure does not inform an appellate court of the basis for the trial court's decision. Consequently, it does not enable an appellate court to conduct the type of review that Rule 52(a) requires.[6]

*Elliott,* 165 Ariz. at 132; *see also Reed,* 154 Ariz. at 106 (trial court failed to comply with Arizona Rule of Civil Procedure 52(a) because it did not "set forth even the most rudimentary arithmetic basis" for the monthly increase it ordered).

**¶12**　　　Although we might infer reasons for an upward deviation in *some* amount, when a party has invoked Rule 82(A), appellate courts do not employ such inferences. *See Kelsey v. Kelsey,* 186 Ariz. 49, 51 (App. 1996) ("If the trial court's basis for a conclusion is unclear, this Court may not affirm simply because we may find some possible basis for that conclusion in the record."). It must be clear from the family court's findings how the court arrived at its mathematical figure. *See Elliott,* 165 Ariz. at 135. Moreover, Mother has very limited time with the children, and her supervision costs are largely underwritten by Father. Because we cannot ascertain the basis for the family court's award of $7500 per month, we remand for additional findings. *See Miller,* 175 Ariz. at 300 ("Where possible, when a trial court in a non-jury case fails to make or makes insufficient findings of fact and conclusions of law, a reviewing court should remand the case to the trial court for further findings.").

---

[6]　　　Arizona Rule of Civil Procedure 52(a) is the civil counterpart to Rule 82(A).

**CONCLUSION**

¶**13**        For the reasons stated, we vacate the family court's child support order and remand for further proceedings consistent with this opinion.

