NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of: VICTORIA MARIE HUNT, *Petitioner/Appellee,*

*v.*

EMMANUEL G. LEE, JR., *Respondent/Appellant.*

No. 1 CA-CV 15-0593 FC
FILED 8-2-2016

Appeal from the Superior Court in Maricopa County
No. FC2007-002733
The Honorable Carolyn K. Passamonte, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Emmanuel G. Lee, Jr., Gilbert
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia K. Norris delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Peter B. Swann joined.

---

**N O R R I S**, Judge:

¶1          Emmanuel G. Lee, Jr. appeals from the superior court's orders modifying his parenting time and child support obligation. Based on the record before us, we affirm the orders.

**FACTS AND PROCEDURAL BACKGROUND[1]**

¶2          In March of 2015, Victoria Marie Hunt, the child's mother, petitioned the family court for a modification of parenting time and child support. Hunt's petition stated she was asking to modify Lee's parenting time to every other weekend because that was the "way" it had been "for the past two years" and she "just want[ed] it in writing." At the hearing on parenting time, the superior court modified Lee's parenting time to every other weekend during the school year, with equal parenting time over the summer. At a second hearing on child support, the superior court ordered Lee to pay "$333.00 per month" in child support, in addition to a "$5.00 [monthly] handling fee."

**DISCUSSION**

¶3          On appeal, Lee first argues his "visitation should have never been changed." We reject this argument. As an initial matter, because Lee failed to provide us with transcripts from the hearings we must presume the evidence and arguments support the family court's rulings. *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9, 245 P.3d 898, 902 (App. 2010).

¶4          Further, Hunt's March petition stated the modification requested reflected the actual arrangement the parties had been following the past two years. Additionally, the family court modified parenting time "[p]ursuant to stipulation of the parties." Having stipulated to modifying

---

[1]Appellee Hunt did not file an answering brief. We exercise our discretion not to treat her failure to file an answering brief as a confession of error. *See Ariz. Tank Lines, Inc. v. Ariz. Corp. Comm'n*, 13 Ariz. App. 19, 21, 473 P.2d 821, 823 (1970).

parenting time, Lee is not in a position on appeal to repudiate his stipulation. *See Garn v. Garn*, 155 Ariz. 156, 160, 745 P.2d 604, 608 (App. 1987) ("Stipulations are strongly favored by the law and a party to an action cannot stipulate to one thing and then later change [his or] her mind and withdraw [his or] her consent.") (quotations and citation omitted). Thus, based on the record before us, the family court did not abuse its discretion in modifying Lee's parenting time. *See Baker v. Meyer*, 237 Ariz. 112, 116, ¶ 10, 346 P.3d 998, 1002 (App. 2015) ("We review an order modifying parenting time for an abuse of discretion.") (citation omitted).

¶5 Lee next argues that he "should not pay child support if [he is] a 50% contributor in child's financial affairs as well [as] in her life." We also reject this argument. "Parents may be ordered to pay child support in an amount reasonable and necessary for the support of their children" and, generally, as set forth in the Child Support Guidelines. *Stein v. Stein*, 238 Ariz. 548, 550, ¶ 6, 363 P.3d 708, 710 (App. 2015) (quotations and citation omitted).

¶6 Here, the family court followed the applicable law and guidelines. The family court "adopt[ed] as its findings" the "Child Support Worksheet" pursuant to Arizona's Child Support Guidelines. The worksheet showed that Lee's total child support obligation of $333.23 was "43.73%," in proportion to his adjusted gross income, and Hunt's child support obligation was "56.27%," in proportion to her adjusted gross income. *See* Ariz. Rev. Stat. ("A.R.S.") § 25-320 app. § 10 (Supp. 2015) ("Guidelines") *(*child support obligations "shall be divided between the parents in proportion to their Adjusted Gross Incomes . . . computed by multiplying each parent's share of the Combined Adjusted Gross Income by the Total Child Support Obligation"). Accordingly, the family court did not abuse its discretion in modifying Lee's child support. *See Stein*, 238 Ariz. at 549-50, ¶ 5, 363 P.3d 709-10 (child support order reviewed for abuse of discretion) (citation omitted).

¶7 Finally, Lee raises a number of arguments relating to their child's schooling. These arguments are not properly before us because Lee did not raise them in the family court. *Louis C. v. Dep't of Child Safety*, 237 Ariz. 484, 489, ¶ 20, 353 P.3d 364, 369 (App. 2015) (appellate court generally does not consider issues "raised for the first time on appeal") (quotations and citation omitted); *Hannosh v. Segal*, 235 Ariz. 108, 115, ¶ 25, 328 P.3d 1049, 1056 (App. 2014) ("[A]rguments not raised in the trial court are waived on appeal.") (citation omitted).

**CONCLUSION**

¶8      For the foregoing reasons, we affirm the family court's orders modifying Lee's parenting time and child support.



Ruth A. Willingham · Clerk of the Court
FILED: AA