NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JAY DAVID STEIN, *Petitioner/Appellant*,

*v.*

JILL LYNN STEIN, *Respondent/Appellee*.

No. 1 CA-CV 16-0493 FC
FILED 5-30-2017

Appeal from the Superior Court in Maricopa County
No. FC2012-003130
The Honorable Joseph P. Mikitish, Judge

**REVERSED AND REMANDED**

COUNSEL

Jensen, Schmidt, McElwee & Gordon, P.L.L.C., Phoenix
By Therese R. McElwee

Mark J. DePasquale P.C., Phoenix
Mark J. DePasquale
*Co-Counsel for Plaintiff/Appellant*

John L. Popilek P.C., Scottsdale
By John L. Popilek
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1**       Jay Stein ("Father") appeals from a superior court order awarding Jill Stein ("Mother") $6240 per month in child support, as well as the denial of his Motion for New Trial on that issue. For the following reasons, we reverse and remand.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**       The parties married in 2005 and divorced in 2014. They have four children together, 10-year-old triplets and an 11-year-old ("the Children"). Father's annual gross income is $3 million, and at the time of dissolution, Mother was not working. Under their premarital agreement, neither party was entitled to spousal maintenance. In the divorce decree, the superior court established Father as the primary residential parent, allowing Mother supervised parenting time consisting of one afternoon per week, one overnight on alternating weekends, and two weeks of summer vacation time. The superior court ordered Father to pay child support in the amount of $7500 per month.

**¶3**       Father appealed the divorce decree in 2014, arguing the superior court did not set forth facts supporting its deviation from the Child Support Guidelines despite his request for findings of fact and conclusions of law under Arizona Rule of Family Law Procedure 82(A). This court agreed, and remanded the child support award to the superior court for additional findings. *Stein v. Stein*, 238 Ariz. 548 (App. 2015).

**¶4**       The superior court subsequently issued a more detailed ruling reducing Mother's child support to $6240 per month. The superior court subsequently denied Father's Motion for New Trial. This timely appeal followed and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) and (5)(a).[1]

---

[1]       We cite to the current version of applicable statutes and rules when no revision material to this case has occurred.

**DISCUSSION**

¶5        Father argues the superior court's order awarding child support is unsupported by the evidence and applicable law, and the superior court failed to sufficiently set forth the basis for the 80/20 allocation of child support between Father and Mother. "We review a child support order for an abuse of discretion." *Stein*, 238 Ariz. at 549–50, ¶ 5.

**A.        Waiver.**

¶6        Mother claims Father waived his argument regarding the sufficiency of the evidence because it was not argued at trial and he failed to provide his own suggested amount of child support. This argument is inconsistent with the record on appeal.

¶7        Father testified at the original trial that he believed $1200 per month was a reasonable amount for child support. This figure was echoed in Father's proposed findings and in his closing argument. After the decree awarded Mother $7500 per month, Father objected to that amount in his Motion for New Trial. After Father's successful appeal of the first child support order, his objections were raised again before the instant appeal in his second Motion for New Trial, filed after the superior court awarded Mother $6240 per month in child support. Accordingly, Father has not waived the issue.

**B.        Child Support Expenses.**

¶8        Father contends the superior court disregarded the Child Support Guidelines when it ordered child support in an amount greater than what would have been spent on the Children if the parents and Children were living together. *See* A.R.S. § 25-320 app. "Background" (2015) ("Guidelines").

¶9        Under A.R.S. § 25-320, parents may be ordered to "pay an amount reasonable and necessary for support" of their children. The Guidelines "establish a standard of support for children consistent with the reasonable needs of children." Guidelines § 1(A). However, the superior court must deviate from the Guidelines if application of the guidelines is inappropriate or unjust, and must consider the best interests of the children when doing so. A.R.S. § 25-320(D); Guidelines § 20(A). In addition, the superior court must consider the factors listed in A.R.S. § 25-320(D). Guidelines § 20(A).

¶10     The superior court analyzed each of the factors listed in section 25-320(D). Under § 25-320(D)(3),[2] a court considers the standard of living the children would have enjoyed if the parents were not divorced. In making that determination, the superior court attributed for Mother: $4250 per month for home expenses; $900 per month for auto expenses; $20,000 per year for vacation expenses; $500 per month for nanny expenses; and $500 per month for the Children's monthly expenses including clothing, shoes, school supplies, games, electronics, equipment, extracurricular activities, and community events.

¶11     Father argues the evidence at trial did not support a reasonable finding of the vacation expenses. We agree, and find the superior court's finding of $20,000 per year for vacation expenses to be an abuse of discretion. The superior court order found the Children "went on luxurious trips, including ski trips and cruises, during the marriage." While the superior court may consider these expenses for children who have enjoyed such benefits before dissolution of the marriage, *Nash v. Nash*, 232 Ariz. 473, 480, ¶ 25 (App. 2013), there is no evidence in the record to support a finding that the parties took "luxurious trips," much less the amount attributed by the court.

¶12     The only evidence to support this finding is Mother's Affidavit of Financial Information, which provided for the expense under "other" expenses and requested $25,000 annually for four vacations a year. However, at trial, Mother did not provide any evidence that such spending was part of the standard of living the Children were accustomed to before dissolution. *See In re Marriage of Kells*, 182 Ariz. 480, 484 (App. 1995) (without evidence supporting the court's deviation, it must be set aside for an abuse of discretion); *see also Elliot v. Elliot*, 165 Ariz. 128, 135 (App. 1990) ("[W]e must be able to determine which evidence formed the bases of the awards before we can affirm them."). Nor did Mother provide any delineation between the Children's expenses, and her own. *See Reed v. Reed*,

---

[2]     Section 25-320(D)(3) reads:

> The standard of living the child would have enjoyed if the child lived in an intact home with both parents to the extent economically feasible considering the resources of each parent and each parent's need to maintain a home and to provide support for the child when the child is with that parent.

154 Ariz. 101, 106 (App. 1987) (reversing a superior court order for insufficient evidence where there was no breakdown between the children's and parent's separate needs).

**¶13** The superior court abused its discretion by factoring vacation expenses into the child support calculus without evidentiary support for the expense.

**C.    Allocation of Child Support Expenses.**

**¶14** Father also maintains the 80/20 allocation between Mother and Father for child support expenses was not sufficiently supported by any mathematical basis. He argues the superior court made the determination "without any reference to evidence supporting the allocation."

**¶15** The superior court order found Mother personally benefited from many of the expenses awarded as child support, and therefore found it "equitable and appropriate" for Father to pay 80 percent of the required child support expenses, with Mother paying the other 20 percent.

**¶16** We find this allocation to be an abuse of discretion. While there is evidence in the record supporting the superior court's determination that Mother benefited personally from many of the expenses awarded as child support, and a court may offset some amount of child support based on a parent's personal benefit, there is no showing how the court arrived at its mathematical allocation in offsetting some of the child support ordered. *See Stein*, 238 Ariz. at 551, ¶ 10 ("One of the purposes of Rule 82(A) is to give the appellate courts the ability to examine the basis for a mathematical figure awarded as child support."). Furthermore, the allocation fails to account for Mother's limited, supervised parenting time.

**D.    Attorney's Fees.**

**¶17** Mother requested Attorney's Fees pursuant to A.R.S. § 25-324, which allows this court to award fees to a party based on the financial resources of both parties, and the reasonableness of their positions. We find Mother did not take an unreasonable position in defending this appeal, and the record shows a large financial disparity between the parties. Accordingly, we will award reasonable attorney's fees for this appeal to Mother, in an amount to be determined upon compliance with Arizona Rule of Civil Appellate Procedure 21(b).

**CONCLUSION**

**¶18**          Because the upward deviation of child support was based on unsupported vacation expenses and an unsupported allocation of expenses, which was part of the overall calculation of child support obligation, we remand to the superior court for new child support findings. The superior court on remand should consider all the expenses awarded in the order, and may require a new hearing given the length of time that has passed since the original order. For the foregoing reasons, we reverse the superior court's order and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:   AA