NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

PATRICIA ANN WILSON, *Petitioner/Appellee*,

*v.*

WESLEY WILSON, *Respondent/Appellant*.

No. 1 CA-CV 17-0704 FC
FILED 11-29-2018

Appeal from the Superior Court in Maricopa County
No. FN2014-094577
The Honorable Laura M. Reckart, Judge

**REMANDED**

COUNSEL

RD Smith Law, P.C., Scottsdale
By Roger D. Smith
*Counsel for Petitioner/Appellee*

Udall Shumway, P.L.C., Mesa
By Steven H. Everts
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1**            Wesley Wilson (Husband) appeals from the family court's post-decree order reducing his spousal maintenance obligation to Patricia Wilson (Wife) by $100 per month.  For the following reasons, we remand.

### FACTS AND PROCEDURAL HISTORY

**¶2**            Wife petitioned to dissolve her marriage to Husband in 2014 after thirty years of marriage.[1]  At the time, both parties worked full-time with Husband earning $55,000 to $65,000 per year — more than twice as much as Wife's $25,000 yearly income.  After conducting an evidentiary hearing and considering the relevant statutory factors, *see* Ariz. Rev. Stat. (A.R.S.) § 25-319(B),[2] the family court determined Wife lacked sufficient property, including property apportioned to her in the dissolution, to provide for her reasonable needs.  In the decree, the court ordered Husband to pay spousal maintenance of $800 per month for seven years, beginning June 1, 2015.  Neither party challenged the decree.

**¶3**            In September 2015, Husband petitioned to terminate his spousal maintenance obligation.  In his petition, Husband alleged termination was warranted because he had retired following a recent heart attack, and Wife would therefore receive approximately $40,000 from his pension, negating her need for support.  In March 2016, the family court found Husband's decision to retire was elective and, therefore, he had failed to prove a substantial and continuing change of circumstances

---

[1]      We view the facts in the light most favorable to upholding the spousal maintenance order.  *McNeil v. Hoskyns*, 236 Ariz. 173, 175, ¶ 2 n.1 (App. 2014) (citing *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012)).

[2]      Absent material changes from the relevant date, we cite a statute's current version.

warranting reduction of his maintenance obligation. *See* A.R.S. § 25-327(A). Husband did not challenge the final post-judgment order.

¶4          In July 2016, Husband again petitioned to terminate his spousal maintenance obligation.[3]   Husband alleged termination was warranted because the Social Security Administration had determined he was "totally disabled" and, because he was unable to work, Wife earned more income than he did.  At the May 2017 evidentiary hearing, Husband presented evidence indicating he became completely disabled in August 2015.  Husband testified he is otherwise unable to work, receives no income beyond $24,432 in yearly disability benefits, and uses the entirety of his income to meet his monthly expenses — not counting the previously ordered maintenance.  Wife continued to work several jobs throughout the year, as she "always had," earning annual wages of approximately $32,000.[4] Neither party requested specific findings of fact and conclusions of law pursuant to Arizona Rule of Family Law Procedure 82(A).

¶5          After taking the matter under advisement, the family court found Husband proved a substantial and continuing change of circumstances because he was no longer working and thus "dependent on disability and social security."  The court then considered the relevant A.R.S. § 25-319(B) factors and reduced Husband's maintenance obligation by $100 per month for the remainder of the seven-year period.  At the same time, the court ordered Husband to pay $100 per month toward spousal maintenance arrearages, negating any prospective decrease in his monthly

---

[3]        Husband requested termination retroactive to June 1, 2015. However, he admitted within his petition that he was $4,096 in arrears. Additionally, the maintenance obligation accruing before his July 2016 petition became vested when due and is not subject to modification.  *See* A.R.S. § 25-327(A) ("[T]he provisions of any decree respecting maintenance or support may be modified or terminated only on a showing of changed circumstances that are substantial and continuing *except as to any amount that may have accrued as an arrearage before the date of notice of the motion* . . . to modify or terminate.") (emphasis added); *In re Marriage of Priessman*, 228 Ariz. 336, 340, ¶ 13 (App. 2011).

[4]        Although the family court found Mother's income was $26,000 per year, or $2,167 monthly, this finding is not supported by the record.

payments to Wife.[5]  Husband made several unsuccessful post-trial motions and then timely appealed.  We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(2), -2101(A)(2), and -2101(A)(5)(a).

## DISCUSSION

### I.    Eligibility for Spousal Maintenance under A.R.S. § 25-319(A)

**¶6**    Husband argues the family court erred in adjusting the award of spousal maintenance without first determining whether Wife was eligible for any award under A.R.S. § 25-319(A).  We disagree.

**¶7**    "Spousal maintenance is not intended to serve 'as a method of holding open the courtroom door for possible changes of circumstances.'"  *Sherman v. Sherman*, 241 Ariz. 110, 115, ¶ 19 (App. 2016) (quoting *Neal v. Neal*, 116 Ariz. 590, 592 (1977)).  A determination of general eligibility for maintenance under A.R.S. § 25-319(A) is made in the initial "proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court that lacked personal jurisdiction over the absent spouse."  A.R.S. § 25-319(A).  The determination becomes final upon entry of the decree, *see* A.R.S. § 25-325(A), and may not be revisited at a later date, *Sherman*, 241 Ariz. at 114-15, ¶¶ 18-19.  Thereafter, collateral estoppel prevents the court from reconsidering a spouse's general eligibility for spousal maintenance during a post-judgment modification proceeding.  *See Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986) (explaining a party is precluded from relitigating a fact essential to a prior judgment if the fact "was actually litigated in a previous suit, a final judgment was entered, and the party . . . had a full opportunity to litigate the matter and actually did litigate it") (citations omitted).

**¶8**    Because the family court was not required to reconsider Wife's eligibility for spousal maintenance under A.R.S. § 25-319(A), it did not err in declining to do so.  But the *res judicata* effect of the prior unchallenged finding of eligibility does not, absent an agreement for non-modifiable maintenance, alter the parties' right to challenge the amount and duration of a spousal maintenance award based upon consideration of the

---

[5]    Although Husband states this order "may arguably be appropriate or inappropriate," he does not specifically object to the arrearage order.  Therefore, any challenge thereto is waived.  *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2  (App. 2007) (declining to address the merits of an argument mentioned in passing in the party's opening brief).

factors set forth in subsection (B) upon proof of a substantial and continuing change of circumstances. *See* A.R.S. § 25-327(A).

## II.   Amount and Duration of Maintenance under A.R.S. § 25-319(B)

**¶9**          Husband also challenges the amount and duration of the modified spousal maintenance award. On review, we consider whether the family court properly considered the relevant factors contained within A.R.S. § 25-319(B) and will affirm if the decision is supported by reasonable evidence. *Boyle*, 231 Ariz. at 65-66, ¶¶ 8, 13 (citing *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 15 (App. 1998), and *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009)).

### A.   Adoption of Findings

**¶10**          Husband argues the family court erred as a matter of law when it adopted findings contained in other court orders by reference. "[T]he responsibility to make the findings is the court's alone." *Christopher K. v. Markaa S.*, 233 Ariz. 297, 301, ¶ 20 (App. 2013) (citing *DePasquale v. Superior Court*, 181 Ariz. 333, 336 (App. 1995)). But the court may adopt the findings and conclusions of others so long as they are "consistent with the ones that it reaches independently after properly considering the facts." *Elliott v. Elliott*, 165 Ariz. 128, 134 (App. 1990) (approving the practice of adopting findings proposed by a party after independent analysis) (citations omitted); *see also Nold v. Nold*, 232 Ariz. 270, 273-74, ¶ 14 (App. 2013) (finding error where the family court "delegated its obligation to independently weigh the evidence" to an expert witness rather than making independent findings) (citing *DePasquale*, 181 Ariz. at 336).

**¶11**          Here, the family court explicitly adopted some of the findings from the original decree and a prior minute entry order by reference. The court also detailed changes and additions to those findings. These modifications demonstrate that the court did not merely thoughtlessly recite the prior findings, but rather, exercised its independent judgment after considering the facts. We find no error in the court's process.

### B.   Sufficiency of Findings

**¶12**          Even absent a timely request for specific findings, the family court is required to provide sufficient explanation to support its decision. *Hughes v. Hughes*, 177 Ariz. 522, 525 (App. 1993). We find the court's findings and explanation lacking here.

¶13        The family court found Husband was "dependent on disability and social security" and now earns less income than Wife. These explicit findings are facially inconsistent with the court's minimal modification of Husband's monthly spousal maintenance obligation and its implicit conclusion that Husband was capable of meeting both parties' reasonable needs.

¶14        Nor do the remaining findings provide any obvious, reasonable support for the court's decision to reduce the award of spousal maintenance by 12.5% when Husband's income had decreased by more than half and Wife's income had increased.  **[IR 133 at 2-3]**  Wife concedes error in the court's finding that she has endured financial hardship by not addressing the issue in her answering brief.  *See Stover v. Kesmar*, 84 Ariz. 387, 388 (1958) (finding an unexcused failure to file an answering brief concedes error on an otherwise debatable issue) (citations omitted).  Indeed, there is no evidence that Wife was borrowing money, seeking more lucrative work, or withdrawing funds from retirement to meet her expenses.  To the contrary, Wife's own Affidavit of Financial Information showed her income, without maintenance, exceeded her expenses by almost $7,000 per year and indicated a credit card balance of only $40.

¶15        Moreover, although the family court is directed to consider "[t]he comparative financial resources of the spouses, including their comparative earning abilities in the labor market," which encompasses a spouse's voluntary reduction in income, A.R.S. § 25-319(B)(4), a spouse has no obligation to preserve assets awarded as his sole and separate property in a dissolution proceeding for the benefit of the former spouse, *see* A.R.S. § 25-319(B)(11) (directing the court to consider "[e]xcessive or abnormal expenditures, destruction, concealment or fraudulent disposition of *community, joint tenancy and other property held in common*") (emphasis added).  Accordingly, the court's findings suggesting that Wife needs maintenance to meet her reasonable needs or that Husband managed his separate property "unwisely" do not support the court's modified maintenance award.

¶16        The constellation of factors presented here does not provide any obvious, reasonable basis for the ongoing award, and we have been unable to supply the missing explanation through independent review.  *See Hughes*, 177 Ariz. at 525.  In the absence of such an explanation, we cannot determine whether the family court abused its discretion in modifying the maintenance award.  *See id.*  For this reason, we remand.

### III.    Mathematical Basis for Award

**¶17**        Husband argues, for the first time within his reply brief, that the family court erred by failing to identify a mathematical basis for the award.  "Arguments raised for the first time in a reply brief are deemed waived."  *In re Marriage of Pownall*, 197 Ariz. 577, 583, ¶ 25 n.5 (App. 2000) (citing *Muchesko v. Muchesko*, 191 Ariz. 265, 268 (App. 1997)).  Nonetheless, to avoid any confusion that may arise upon remand, we note a specific mathematical explanation for a spousal maintenance award is not required here because no timely request for findings of fact and conclusions of law was made.  *See Stein v. Stein*, 238 Ariz. 548, 551, ¶¶ 9-12 (App. 2015).

## CONCLUSION

**¶18**        The case is remanded to the family court for further consideration consistent with this decision.  On remand, the court may choose to reconsider its findings or conclusions, or it may choose to supplement its order in a manner that would subject it to meaningful appellate review.  We leave to the court's discretion whether the taking of additional evidence or further briefing would be necessary or helpful.

**¶19**        Both parties request an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324.  In our discretion, we decline both requests.  As the successful party, however, Husband is awarded his costs incurred on appeal pursuant to A.R.S. § 12-341 upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED:  AA