NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DANIEL L. HARRIS, *Petitioner/Appellant/Cross-Appellee*,

*v.*

PERI RENEE HARRIS, *Respondent/Appellee/Cross-Appellant*.

No. 1 CA-CV 22-0564 FC
FILED 9-14-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-002669
The Honorable Monica Edelstein, Judge

**VACATED AND REMANDED**

COUNSEL

Daniel L. Harris, Peoria
*Petitioner/Appellant/Cross-Appellee*

kdlaw, P.C., Scottsdale
By Sally M. Colton
*Counsel for Respondent/Appellee/Cross-Appellant*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Kent E. Cattani joined.

---

**F O S T E R**, Judge:

¶1 Daniel Harris ("Husband") and Peri Harris ("Wife") appeal a superior court Decree of Dissolution of Marriage. Husband appeals the division of the marital residence and a community Chase bank account, while Wife cross-appeals the denial of spousal maintenance. For the following reasons the superior court's order is vacated and the case is remanded for further findings.

## FACTS AND PROCEDURAL HISTORY

¶2 Husband and Wife were married in March 2014, during which they had three children and obtained a marital residence. In April 2021, Wife obtained an order of protection against Husband granting her exclusive use of that residence. Husband petitioned for dissolution of marriage later that month. During the dissolution proceedings, Husband continued to pay for community expenses, including the mortgage, homeowners' association fees, and taxes on the marital residence.

¶3 Prior to trial, Husband petitioned the court for separate findings of fact and conclusions of law. After trial, the superior court issued its Decree of Dissolution in June of 2022. The court found that Wife was not eligible for, nor had affirmatively pled the issue of, spousal maintenance. In the Decree, the court valued the community Chase bank account at $9,136 and divided it equally between the parties. The court awarded Wife the marital residence as her sole and separate property but divided the equity equally between Wife and Husband. The court also ordered Wife to refinance the property by August 31, 2022, to remove Husband from the debt obligation. The court also ordered that if she was unable to or failed to refinance by the deadline, the property must then be listed for sale. The order also mandated that Husband "make all payments associated with the maintenance of the home" until refinancing or the sale was complete.

**¶4** Husband and Wife separately moved the court to alter or amend the decree, and the court denied both motions on July 13 and 15, respectively. Husband timely filed a notice of appeal on August 12; Wife timely filed notice of cross-appeal on August 25.

**¶5** This Court has jurisdiction under A.R.S. § 12-2101(A)(1) and Arizona Rule of Civil Appellate Procedure 9.

## DISCUSSION

**I. THE EVIDENCE PRESENTED DOES NOT SUPPORT THE COURT'S PROPERTY DIVISION.**

**¶6** Husband contends the superior court committed several errors regarding its division of the marital estate. This Court reviews the superior court's division of property for abuse of discretion. *Helland v. Helland*, 236 Ariz. 197, 199, ¶ 8 (App. 2014). In dissolution of marriage proceedings, the court must seek an equitable division of community property and may consider apportioning assets and obligations between the parties. A.R.S. § 25-318(A), (B); *Neal v. Neal*, 116 Ariz. 590, 594 (1977). Generally, the division must be "substantially equal[] unless sound reason exists to divide the property otherwise." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). The superior court's discretion allows postponing the sale of property until a reasonable time after the dissolution decree. *Dole v. Blair*, 248 Ariz. 629, 633, ¶ 16 (App. 2020).

### A. The Superior Court Failed to Make Required Findings of Fact.

**¶7** Husband contends that he was entitled to reimbursement for expenses paid during the dissolution proceedings and that the court made no finding explaining why he should be required to pay such expenses. When a party timely requests findings of fact pursuant to Arizona Rule of Family Law Procedure 82(a), as Husband did, this Court "must be able to determine the factual underpinnings of the" award and will not infer findings to support the award. *Stein v. Stein*, 238 Ariz. 548, 550-51, ¶ 5 (App. 2015). Here, the sole finding regarding the marital residence was that "the parties own or have an interest in the following real property: Marital residence located at [address] which is community property." The superior court failed to provide any basis to support the disposition of the marital home to Wife without reimbursing Husband for expenses relating to the home. In so doing, the superior court failed to make required findings of fact.

¶8            Generally, courts will presume a transaction between spouses is a gift, based on the need to avoid spouses documenting transactions and the belief that spouses should mutually support each other. *Bobrow v. Bobrow*, 241 Ariz. 592, 594-96, ¶¶ 8, 15 (App. 2017). But when one spouse petitions for the dissolution of the marriage, terminating the community, those justifications no longer exist, and courts will not presume a gift. *Id.* at 596, ¶ 15. The burden falls to the non-paying spouse to show such contributions were gifts by clear and convincing evidence. *Id.* "The superior court may account for such payments in a variety of ways to achieve an equitable property division." *Huey v. Huey*, 253 Ariz. 560, 565, ¶ 18 (App. 2022).

¶9            In the joint pretrial statement, Husband sought reimbursement for contributing to community property during the dissolution proceedings. Husband recalculated the value of his contributions before trial, testifying to expending $10,769. But the decree neither addressed Husband's claim nor provided any factual finding for dismissing it.

¶10            Wife contends that the court considered and rejected Husband's reimbursement claim, relying on the court's statement in the Decree that "the Court is not ordering that [Wife] repay half of the community expenses related to the property." But this comment is immediately preceded by the court's order that "[Husband] shall continue to make all payments associated with the maintenance of the home." The court failed to explain why Husband remains responsible for expenses that do not benefit him. Because the superior court made insufficient findings of fact, this Court will not draw inferences favorable to upholding the award. *Stein*, 238 Ariz. at 550-51, ¶¶ 5, 12. The superior court erred by failing to account for Husband's reimbursement claim and providing no factual findings for doing so.

¶11            Wife argues, though, that any such error was harmless because she was entitled to spousal maintenance, contending that rejecting Husband's reimbursement claim made up for denying spousal maintenance. But "property division and spousal maintenance are two separate and distinct considerations at dissolution" such that spousal maintenance adjustments "cannot justify depriving a spouse of his or her property right." *Koelsch v. Koelsch*, 148 Ariz. 176, 182 (1986). Wife's argument is not supported by the superior court's orders or law.

4

¶12 Husband also argues the superior court order improperly required him "to expend his separate property to maintain Wife's post-decree separate property." The superior court awarded Wife the marital residence "as sole and separate property subject to any and all outstanding liens and encumbrances," divided the equity equally between the parties, and ordered Husband to pay for the property's maintenance, which the court deemed "community expenses related to the property." This essentially awarded each party an equal portion of a community asset—half the equity of the home offset by an allocation of debt. But the order made Husband responsible for maintenance payments until the refinancing or sale while Wife would be responsible for any remainder. In making this award, the superior court failed to credit Husband for the amounts expended on maintaining the property pending the refinance or sale of the home post-decree. This, coupled with the failure to address the pre-decree expenditures by husband, compound the need for the court to enter findings of fact and conclusions of law to support the award.

### B. The Findings of Fact Do Not Support the Court's Division of the Community Chase Bank Account.

¶13 Husband also contends that the superior court erred in valuing the community Chase bank account on a different date than the community's termination. "[T]he superior court has wide discretion" when selecting a valuation date for community property, but the resulting outcome must be fair and equitable. *Meister v. Meister*, 252 Ariz. 391, 397, ¶¶ 16-17 (App. 2021). Property acquired "after service of a petition for dissolution of marriage" is separate property. A.R.S. § 25-213(B).

¶14 The superior court's complete findings regarding the account were "that the parties do not agree to the distribution of the following personal property: Chase Bank Account valued at $9136.00." While Husband admitted the Chase bank account was a community bank account, he testified only some of the funds were community property. The court acknowledged that the community ended on May 8, 2021, the day Wife was served the petition for dissolution of marriage, yet it did not use this as a valuation date. The balance of the account on May 7 was $6,306.60, yet the court valued the account at the increased amount available on May 22 without explaining its reasoning.

¶15 Due to the superior court's failure to make sufficient findings of fact and its silence regarding Husband's reimbursement claim, this Court is unable to determine whether the superior court's valuation date resulted in a fair and equitable division as required by law.

II.    THE EVIDENCE DOES NOT SUPPORT THE COURT'S SPOUSAL MAINTENANCE DETERMINATION.

¶16        On cross-appeal, Wife argues the superior court erred in denying her a spousal maintenance award. This Court reviews spousal maintenance rulings for abuse of discretion and will uphold the superior court's order if supported by reasonable evidence. *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012).

¶17        Wife first contends the superior court abused its discretion in finding Wife failed to affirmatively plead spousal maintenance, and this Court agrees. In her Response to Petition for Dissolution of Marriage Wife explicitly prayed for spousal maintenance and alleged the following: "Mother worked during the first year of the parties' marriage so Father could attend school. After the first year of their marriage, they agreed that Mother would stay home, care for the children and conduct home school for the children, which she has done up to this point." Wife continued to claim spousal maintenance in her Proposed Resolution Management Conference Statement, her Pretrial Statement, and the Joint Pretrial Statement.

¶18        Wife also contends the court erred in failing to determine the necessary findings of fact. As a threshold matter, the superior court must first determine whether a spouse requesting spousal maintenance is eligible by meeting one of five criteria: (1) "[l]ack[ing] sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs;" (2) "[l]ack[ing] earning ability in the labor market that is adequate to be self-sufficient;" (3) "[being] the parent of a child whose age or condition is such that the parent should not be required to seek employment outside the home;" (4) "[h]a[ving] made a significant financial or other contribution to the education, training, vocational skills, career or earning ability of the other spouse or ha[ving] significantly reduced that spouse's income or career opportunities for the benefit of the other spouse;" or (5) having "[h]ad a marriage of long duration and [being] of an age that may preclude the possibility of gaining employment adequate to be self-sufficient." A.R.S. § 25-319(A).

¶19        Here, the court found "[n]o credible evidence presented" concerning criteria (1), (3), or (5); and its only finding about criteria (4) was "[t]he Parties have been married for almost 8 years." For factor (2), the court stated: "[Wife] is a registered nurse but the Parties mutually agreed [Wife] would not work and be the primary caretaker and homeschool the Children. [Wife] is enrolled in re-certification courses." Because Husband

moved for specific findings of fact, the court was required to make specific findings of fact, yet it did not do so for situations (1), (3), and (5). *See Stein*, 238 Ariz. at 550-51, ¶ 5. Because of the superior court's insufficient findings of fact, this Court cannot determine the evidentiary basis for the court's conclusion that Wife was ineligible under criteria (1), (3), or (5).

## CONCLUSION

**¶20**       For the foregoing reasons, this Court vacates the superior court's order and remands for further findings. Both parties seek attorneys' fees and costs under A.R.S. § 25-324. After considering the reasonableness of the positions each party has taken and their financial resources, this Court denies both requests.



AMY M. WOOD • Clerk of the Court
FILED:    AA