NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JOSHUA GREGORY HANCOCK, *Petitioner/Appellant*,

*v.*

PAISLEY MARTINEZ, *Respondent/Appellee*.

No. 1 CA-CA-CV 25-0061 FC

FILED 03-17-2026

Appeal from the Superior Court in Maricopa County
No. FC2018-092615
The Honorable Charlene D. Jackson, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Adam C. Rieth, PLLC, Mesa
By Adam C. Rieth
*Counsel for Petitioner/Appellant*

Paisley Martinez
*Respondent/Appellee Pro Se*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge David B. Gass and Chief Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1        Joshua Hancock ("Father") appeals the superior court's order denying a modification of the existing parenting time schedule, his request for attorneys' fees and his motions for additional findings and to alter or amend. He also appeals the court's calculation of child support. Paisley Martinez ("Mother") did not file an answering brief. This Court affirms the denial of Father's petition to modify parenting time and child support and his motion for additional findings but vacates and remands for further proceedings on his request for attorneys' fees.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Mother share one minor child ("Child") born in 2016. In September 2018, the parties entered and the superior court approved a judgment of paternity and an order for legal decision-making, parenting time and child support. The order provided parents with equal parenting time and joint legal decision-making authority.

¶3        In 2021, Father filed a petition to modify the legal decision-making, parenting time and child support order based on allegations that Child was molested. After briefing and an evidentiary hearing on Father's motion, the court affirmed its prior orders with some minor modifications and ordered both parents to attend a class on high-conflict co-parenting. The court entered its order in July 2022.

¶4        A little over a year later, Father again filed a petition to modify legal decision-making authority, parenting time and child support. He alleged that Child missed school while in Mother's care and that Mother admitted herself to a behavioral health facility. He also claimed that Mother could not communicate with him while she was in the behavioral health facility, had not taken Child to routine medical check-ups and failed to pick up Child from school as planned.  Father also alleged that Mother's home was up for auction.

¶5         Father stated that it was no longer practical for the two parties to communicate about Child's health and well-being. He requested that Mother disclose medical records about her mental health and sought an order that her parenting time be supervised until she disclosed such records. Father also requested that even after disclosure of her medical records, Mother's parenting be limited to "every other weekend from after school on Fridays until Sunday evening at 7:00 p.m." Mother did not file a response but responded to Father's allegations in a resolution statement. In that statement, she sought sole legal decision-making authority and disputed Father's claims about her mental health. Mother's resolution statement also asserted that Father had inappropriately inserted himself into two other family court cases in an "attempt[] to leverage the court system" against Mother. Mother disputed Father's claims about Child's school attendance and other claims in his petition. The court set a hearing for the petition.

¶6         In the week leading up to the hearing, Father timely filed a pre-trial statement. Mother filed her pre-trial statement late. In Mother's pre-trial statement, she claimed no significant change in circumstances to justify modification.

¶7         Both parties attended the hearing and presented evidence, including testimony. At the end of the hearing, the court took the matter under advisement. In its under advisement ruling, the court affirmed the existing joint legal decision-making and equal parenting time orders but granted Father final decision-making on educational matters. The court declined to award attorneys' fees, on the grounds that no party requested an award.

¶8         Father timely moved for additional findings and to alter or amend the court's order on the petition. Father argued the court did not properly consider the evidence of Mother's mental health and relied on Mother's misrepresentations about her intentions to move. The court denied Father's motions and he timely appealed.

¶9         This Court has jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

**DISCUSSION**

¶10         Father argues the court abused its discretion by ignoring or not considering evidence and giving Mother's evidence more weight than his, even though she failed to timely disclose it. Because Mother did not file

a response, this Court considers Mother's failure to respond for confession of error.

## I. This Court declines to apply the confession of error doctrine in this case.

¶11 When a party fails to file an answering brief, this Court treats that failure as a confession of error on any debatable issues, except those that negatively affect the best interests of a child. *Hoffman v. Hoffman*, 4 Ariz. App. 83, 85 (1966). In addressing such issues, a court may decline to apply the confession of error doctrine when such rigid procedural rules do not serve justice. *Id.* Because Father asks this Court to reverse the superior court's findings as to Child's best interests, this Court declines to apply the confession of error doctrine.

## II. This Court affirms the existing parenting time schedule.

¶12 Father argues the court abused its discretion in denying his request to modify the existing parenting time schedule. This Court reviews "legal decision-making and parenting-time orders for an abuse of discretion." *In re Marriage of Morris and Mandel*, 255 Ariz. 158, 162, ¶ 14 (App. 2023). A court abuses its discretion when it "commits an error of law in reaching a discretionary conclusion or when the record lacks competent evidence to support [its] decision." *Id.* Father claims the court's reliance on Mother's improperly admitted evidence, overlooking evidence supporting modification and failure to properly weigh the evidence constituted an abuse of discretion.

¶13 Courts must endeavor to adopt a parenting plan that "provides shared legal decision-making" and "maximizes [] respective parenting time" so long as it is consistent with the best interests of the child. A.R.S. § 25-403.02(B). In doing so, a "court must strive to marshal, inspect and analyze the relevant and admissible evidence needed for it to reach a well-informed decision in the child's best interests." *Kelly v. Kelly*, 252 Ariz. 371, 375, ¶ 18 (App. 2021). And when a party fails to follow disclosure and evidence rules, courts must take care to not impose sanctions that would prevent the court from considering admissible and "potentially significant information" about a child's best interests. *Hays v. Gama*, 205 Ariz. 99, 103–04, ¶¶ 21–22 (2003).

¶14 Here, Father's justification for requesting a modification of legal decision-making and the existing parenting time schedule involved Mother's mental health. The court considered evidence that Mother was admitted to a behavioral health facility twice for in-patient treatment. But

at the evidentiary hearing, Mother submitted evidence that her mental health issues were under control and she did not pose a harm to herself. Father objected, arguing Mother failed to provide this evidence to him before the deadline for disclosure. Though the court denied Father's objection and allowed Mother's evidence, it stated it would give her evidence the weight it deserved.

¶15 Despite Mother's untimely disclosure of evidence, the law requires the court to "consider all factors that are relevant to the child's physical and emotional well-being," and reach a decision "in accordance with the best interests of the child." A.R.S. § 25-403(A); *see also Kelly*, 252 Ariz. at 375–76, ¶ 20 (if the court fails to explore potentially significant evidence offered by a parent, the court violates the Legislature's directive to consider how such evidence will impact its determination of what is in the child's best interests). Here Mother's evidence about her mental health was directly relevant to Father's petition. As Mother's sole exhibit offered to rebut Father's arguments, the letters were essential to the court's determination of Child's best interests. Father admits that Mother's two letters were the only exhibits addressing his concerns over her mental health. To exclude Mother's only exhibits regarding her mental health would exclude potentially significant evidence of Child's best interests. *See Kelly*, 252 Ariz. at 375–76, ¶ 20. The court's admission of Mother's evidence was not clearly erroneous.

¶16 Father also argues the court should have excluded the evidence for violation of discovery or disclosure orders under *Johnson v. Provoyeur*, 245 Ariz. 239 (App. 2012). *Johnson* states that the court may exclude evidence if it does not have "an 'especially significant effect' on the Court's ability to determine the child's best interest." 245 Ariz. at 244, 245, ¶¶ 16, 20 (citing *Hays*, 205 Ariz. at 103–04, ¶¶ 22–23). But Father's reliance on *Johnson* is misplaced. While this Court recognized untimely disclosure triggers Arizona Rules of Family Law Procedure ("Rule") 49 and 65, the significance of the evidence in this case is different from the evidence excluded in *Johnson*. *Johnson*, 245 Ariz. at 244–45, ¶¶ 18–20 (contrasting the "potentially significant evidence" of a counselor's report admitted in *Hays* with the less "potentially significant evidence" of an expert's *supplemental* report). In that case, the court excluded an untimely supplemental report from a parent's expert witness. *See id.* at 242, ¶¶ 9–12. But the court "admitted other relevant evidence" from that same parent and accepted the same expert's original report. *Id.* at 244–45, ¶¶ 16, 20. Such evidence gave the court sufficient information for the court to make a well-informed decision on the best interests of the child. *Id.* at 245, ¶ 17.

¶17         Here, Mother's only exhibit, as Father pointed out, consisted of letters relating to her mental health, which Father used to justify his petition. Though Father submitted evidence on the issue of Mother's mental health, Mother's evidence provided a different and updated perspective compared to Father's, which was relevant to Child's best interests. Unlike *Johnson*, Mother's evidence was not a supplement to prior evidence. Instead, it was the only evidence she submitted. Thus, *Johnson* is not instructive.

¶18         Father next argues that after the court admitted Mother's evidence regarding her mental health, it improperly weighed the evidence resulting in the court affirming the existing parenting plan. He contends that the court ignored his evidence of Mother's mental health issues that weighed against the existing parenting plan. But throughout its ruling, the court acknowledged Mother's documented mental health issues and treatment. The court also acknowledged that Mother failed to timely disclose relevant information. And the court cited Father's prior modification request and Mother's prior testimony about her concerns that Father might use her medical information against her. Father's argument equates to a request to reweigh the evidence, which this Court does not do. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009); *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 18 (App. 2015).

## III.    The court did not abuse its discretion in calculating child support.

¶19         Father alleges the court abused its discretion when it omitted his two other children from its child support calculation. He argues that the Arizona Child Support Guidelines ("Guidelines") require the court to consider his other two children in the child support calculation. He concludes that if the court factored his other two children into the calculation, his support would be $68 per month rather than the court-ordered $194 per month. He also asserts that if the court had modified the parenting time as requested, his child support would be $0.

¶20         This Court reviews child support orders for an abuse of discretion, viewing the record "in the light most favorable to upholding the trial court's decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). A court abuses its discretion if it issues a calculation of child support that lacks a competent evidentiary basis. *Id.* But interpretation of the Guidelines and its attribution of income to parents is reviewed *de novo. See Nickel v. Potter,* 256 Ariz. 323, 326, ¶ 9 (App. 2023). Father bears the burden of proving substantial changes in circumstances justify a modification. A.R.S. § 25-327(A); *Jenkins v. Jenkins*, 215 Ariz. 35, 39, ¶ 16 (App. 2007).

¶21　　　　With few exceptions, parents are legally obligated to support their children. *See* A.R.S. § 25-501(A). A parent's legal obligation to support other children may impact the parent's child support obligation under a child support order, but only if a legal obligation to support other children exists. *Compare* A.R.S. § 25-320 app. ("Guidelines") § II(B)(2)(d) ("If a parent is the primary residential parent of a child from other relationships, that parent's Child Support Income may be reduced."), *with* § I(C)(1) ("The 'support' of other persons, such as stepchildren, is considered voluntary and does not impact the child support determined under the Guidelines.").

¶22　　　　Here, the record shows the court previously included Father's two other children in child support calculations for Child. The record also shows that Father listed his two other children in his financial affidavits supporting his modification petition. And a review of the evidentiary hearing transcript shows Father testified about his two other children. But even so, the Guidelines did not require the court to consider them in the child support calculation. *See* Guidelines § II(B)(2)(d) ("If a parent is the primary residential parent of a child from other relationships, that parent's Child Support Income *may* be reduced.") (emphasis added). The superior court's order stated:

> The relevant financial factors and the discretionary allowances and adjustments which the Court will allow for a current calculation of child support pursuant to the Arizona Child Support Guidelines are set forth in the Child Support Worksheet and order which the Court hereby incorporates and adopts as its findings with respect to child support.

Though the court did not make specific findings on the issue, it was not required to do so without a request from a party and Father did not make such a request before the court entered its order. *See* Ariz. R. Fam. Law P. 82(a)(1). The court did not abuse its discretion in declining to consider Father's other children in the child support calculation. *In re Marriage of Pacific*, 168 Ariz. 460, 465 (App. 1991) ("[W]e find no abuse of discretion in the court's decision to credit Mother but not Father for supporting other children.").

**IV.　Father waived his arguments about the court's denial of his request for additional findings and to alter the court's December 19, 2024 order.**

¶23　　　　Father argues the court abused its discretion when it denied his motion for additional findings and to alter its December 19, 2024 order.

Arizona Rule of Civil Appellate Procedure 13 requires that an opening brief contain appropriate references to the portions of the record and case law on which appellant relies. *See* Ariz. R. Civ. App. P. 13(a)(2), (a)(7)(A)–(B). If an appellant's opening brief presents issues not supported by adequate explanation, citations to the record or authority, those issues may be considered waived. *MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011); *see also Stein v. Stein*, 238 Ariz. 548, 549, ¶ 5 n.2 (App. 2015). Father's brief provides no citations to the record or supporting case law establishing his argument that the court erred in denying his motion for additional findings and to alter its order. And nothing required the court to make additional findings after entering its orders. Ariz. R. Fam. Law P. 82(b). Though this Court, in its discretion, may consider Father's arguments, although imperfectly presented, it declines to do so here. *See Clemons v. Clark*, 101 Ariz. 413, 414 (1966). Father has waived both arguments.

## V.     Father requested attorneys' fees.

**¶24**         Father argues the court erred in finding that he did not request attorneys' fees. Review of the record shows Father requested attorneys' fees in his petition to modify parenting time. Thus, the court's finding that Father did not request attorneys' fees is clearly erroneous. This court vacates the court's order regarding attorneys' fees and remands for consideration of Father's request under A.R.S. § 25-324.

## VI.     Attorneys' fees and costs on appeal.

**¶25**         Father asks this Court to award attorneys' fees and costs on appeal under A.R.S. § 25-324. After considering the parties' financial resources and the reasonableness of Father's positions, this Court declines to award him attorneys' fees on appeal. A.R.S. § 25-324; *MacMillan*, 226 Ariz. at 592, ¶ 41. This Court also declines to award Father his costs on appeal. Though the superior court erred in stating he did not ask for attorneys' fees, such an error of fact does not deem Father a "successful party" under A.R.S. § 12-341. *See Drozda v. McComas,* 181 Ariz. 82, 85 (App. 1994) ("The term 'successful party' means the party who wins the lawsuit.").

**CONCLUSION**

**¶26**       This Court affirms in part, vacates in part and remands for proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      TM